NEW HAVEN AND NORTHAMPTON COMPANY *vs.* JOEL HAYDEN & others.

Hampden.    January 19. — 25, 1876.    COLT & ENDICOTT, JJ., absent.

A contract signed by several persons, whereby "the undersigned" propose that, if the other party to the contract will do a certain thing, "we will undertake" to do a certain other thing, is a joint contract on the part of the signers.

If, pending an action against several defendants sued on a joint contract, one of them dies, his executor or administrator cannot, under the statutes of this Commonwealth, be summoned in to defend the action.

An agreement made by a party to an action, as to the amount of the judgment to be rendered against him, does not affect the form of the remedy against his estate.

CONTRACT against Joel Hayden and seven others. Writ dated in May, 1869. The declaration contained two counts. The first count was as follows : " And the plaintiffs say that the defendants made an agreement in writing, a copy whereof is hereto annexed, whereby said defendants agreed to secure the right of way for the plaintiffs for their railroad, free of expense to the plaintiffs, from the westerly side of the town farm in Northampton, o the western terminus of the road in Williamsburg, for divers good and valuable considerations therein named, on the part of said plaintiffs, all of which have been fully performed by said plaintiffs. But defendants, although requested, have neglected and refused to perform the stipulations on their part to be performed, as set forth in said agreement hereto annexed, whereby said plaintiffs have been put to great trouble and loss."

The second count was as follows : " And plaintiffs say defend-
ants owe them the sum of forty-five thousand dollars for money
paid for defendants by plaintiffs at defendants' request."

The copy annexed consisted of two papers signed by the de-
fendants.   The first was as follows :  " Williamsburg, January
26, 1866.   To J. E. Sheffield, Esquire, Committee of the North-
ampton & New Haven Railroad Company.  The undersigned, rep
resenting a large portion of business on the line of the proposed
railroad from Northampton to Williamsburg, propose that, if your
company will extend their road to Williamsburg as soon as prac-
ticable, we will undertake to secure good, responsible subscriptions
to the stock of your company, to the amount of 1250 shares, and
pay for the same in instalments, as needed for building the road.
We also propose to secure the right of way for the road, free of
expense to your company, from the westerly side of the town
farm in Northampton to the western terminus of the road in Wil-
liamsburg, and also to obtain the needful legislation in Massa-
chusetts to merge or consolidate the Northampton and Shelburne
Falls Railroad Company with the Northampton and New Haven
Railroad Company, so as to form one corporation from New
Haven to Williamsburg.  It is understood that this proposition
is not to be binding on our part, unless we can secure the taking
of the amount of stock above named, and also the right of way,
or make such arrangement in regard to the same as shall be sat-
isfactory to your company ; also that the stock (1250 shares) is
not to share in the earnings of the road until the extension is in
operation."

The second paper was as follows :  " Williamsburg, August 13,
1867.   To the New Haven and Northampton Company.  The
undersigned, whose names are subscribed to proposals submit-
ted in January 1866 to the New Haven and Northampton Com-
pany for them to extend their railroad to Williamsburg, hereby
agree that said company may go forward and secure the right of
way for said road west of Northampton town farm, either by
purchase or appraisement by the county commissioners, as said
company may think best, and that it shall be done without preju-
dice to the legal rights of either party named in said proposals."

On June 30, 1873, the following agreement, signed by the par-
ties, was filed in the case :  " Judgment shall be rendered for the

plaintiff as damages, as if upon a verdict, for three fifths of such sum as an assessor to be appointed by the court, unless agreed upon by the parties, shall find the plaintiffs have paid or are bound to pay for their right of way described in the contract, with interest thereon.  Said assessors shall report each item, and the grounds of allowance or rejection, and shall also report any questions of law arising in the making of such assessment, if requested by either party, to this court, with right to take the same to Supreme Judicial Court.  It is understood that the verdicts, awards and amounts paid shall be considered the value of the premises taken.  Any outstanding claims in favor of the Nonotuck Silk Company against the plaintiff are agreed to be adjusted and paid by the said Joel Hayden and others, defendants in the above suit, but without prejudice to any claim said defendants may have on Lucius Dimock or said Nonotuck Silk Co. for contribution."

Joel Hayden died in November, 1873, and Thomas Talbot and others were appointed administrators of his estate in December, 1873.  In June, 1875, after the former decisions upon other points of the case, reported 107 Mass. 525, and 117 Mass. 433, the Superior Court issued a summons to the administrators to appear and defend the action.  This summons was duly served upon them, and, at October term 1875, they appeared by attorney and moved that the process be dismissed, as having been issued inadvertently and without authority of law, and that they be discharged from further answer.

*Allen*, J., ruled that the court had no authority to issue the summons and require the administrators to defend the action; and the plaintiff alleged exceptions.

*G. M. Stearns & N. A. Leonard*, for the plaintiff.  1. The contract was not joint in such a sense as to require all the signers to be joined in the suit, and the action to proceed against all the survivors in case of the death of one.  The plaintiff might sue such signers as it desired.  The contract does not name any particular parties who shall execute it, but purports to bind each and every one who shall sign.  The stipulations are several in their nature, and binding upon those who may deem that their business interests will be subserved by signing it.  *Springfield* v. *Harris*, 107 Mass. 532.  *Mattoon* v. *Barnes*, 112 Mass. 463.

*Warring* v. *Williams*, 8 Pick. 322.   *Herrick* v. *Johnson*, 11 Met. 26.   *Yale* v. *Wheelock*, 109 Mass. 502.

2. In any event, the death of Hayden severed the contract. His administrators were liable to an action upon the contract after the expiration of one year.  Gen. Sts. *c.* 97, § 28.  *Burnside* v. *Merrick*, 4 Met. 537, 544.   *Curtis* v. *Mansfield*, 11 Cush. 152.   More than a year having elapsed since the appointment of the defendants as administrators, and they, being liable to an action, are liable to be summoned in as defendants in this action. The objection which formerly was urged against joining administrators and executors with surviving co-contractors, to wit: that the execution to be issued would run differently against the different defendants, — as to some, against their proper persons and estate, and as to the administrators, against the estate of the deceased, — does not now apply, as under the Gen. Sts. *c.* 129, § 4, there may be separate trials, separate judgments and different executions.  *Fuller* v. *Morse*, 4 Gray, 294.   *Hawkes* v. *Phillips*, 7 Gray, 284.   Since the passage of the St. of 1852, *c.* 312, § 3, there seems to be no reason why the administrators of a deceased defendant, in an action against joint defendants, may not be summoned in to defend the action brought against his intestate, or, after the expiration of a year, brought in as an original defendant, although the action may proceed under the Gen. Sts. *c.* 127, § 11, against the survivors, if the plaintiff desires.  The question of the way in which judgment shall be entered does not now arise, as the plaintiff may, after the defendants are in court, discontinue as to all the other defendants than the administrators of the defendant intestate.

3. By the agreement for judgment, Hayden bound himself to abide the judgment to be entered.  It thus, by his voluntary agreement, became a part of the case and of the record that he and his estate would remain liable for the judgment that was to be rendered.

*C. Delano,* for the administrators of Hayden.

GRAY, C. J.   This is a joint contract, and was so declared upon in this action.  One of the defendants having died intestate, the question now presented is whether the action can proceed against his administrators as well as against the surviving defendants.

At common law, in case of a joint contract, if one of the joint contractors died, an action at law could not be brought or prosecuted against his executor or administrator, but against the surviving contractors only ; and if the contract was several, or joint and several, the executor or administrator of one could be sued in a separate action, but not jointly with the survivors, because he was to be charged *de bonis testatoris,* and they *de bonis propriis. Foster* v. *Hooper,* 2 Mass. 572.  1 Dane Ab. 158.  *Jenkins* v. *De Groot,* 1 Caines Cas. 122.  2 Wms. Ex'ors (5th Am. ed.) 1576, 1577.  By our statutes, if one joint contractor dies, his estate may be charged as if the contract had been joint and several, that is, by action at law against his executor or administrator alone.  St. 1799, *c.* 57.  Rev. Sts. *c.* 66, § 27.  Gen. Sts. *c.* 97, § 28.  *Curtis* v. *Mansfield,* 11 Cush. 152.  *Sampson* v. *Shaw,* 101 Mass. 145.

The provision of the practice act ; St. 1852, *c.* 312, § 3 ; Gen. Sts. *c.* 129, § 4 ; that " persons severally liable upon contracts in writing, including all parties to bills of exchange and promissory notes, may all or any of them be joined in the same action," is a rule of pleading, relating to parties severally liable by their own contract, and not to those whose liability, originally joint, must, by reason of subsequent events and operation of law, be enforced severally ; and does not affect the survivorship of actions or the remedies against the representatives of parties deceased.  This is made evident by those sections of the chapter upon that subject which declare that in case of the death, before judgment, of one of several defendants in a personal action, the cause of which survives, the action shall proceed against the survivors ; and which allow such action to be prosecuted against an executor or administrator, only when the deceased is the sole defendant, or the last surviving defendant in the action.  Rev. Sts. *c.* 93, §§ 1, 12, 13.  Gen. Sts. *c.* 127, §§ 5, 11, 12.

It follows that, by the death of the defendant Hayden, the cause of action was severed, and could be enforced against his administrators by a separate action only.  The agreement signed by him in his lifetime, as to the amount for which judgment should be rendered, did not affect the form of remedy by which his estate could be charged after his death.  *Prior* v. *Hembrow,* 8 M. & W. 873, 889.                         *Exceptions overruled.*