DANIEL J. RICKER vs. GEORGE W. GERRISH & another.

Suffolk. March 25. — April 12, 1878. COLT & MORTON, JJ., absent.

In an action against two defendants sued on a joint and several recognizance entered into under the Gen. Sts. c. 124, § 10, one of them died, pending the action, and a discontinuance was entered as to the other on account of his discharge in bankruptcy. On motion of the plaintiff, an order issued to summon in the administrator of the deceased defendant, returnable at April term 1877. On April 23, 1877, an entry of "No default till further notice" was made. On May 4, 1877, the administrator appeared specially and filed a motion to dismiss, which was granted by the judge. *Held,* that the motion was seasonably made and rightly granted.

CONTRACT against George W. Gerrish and John Q. A. Hanson on two joint and several recognizances entered into under the Gen. Sts. c. 124, § 10, on September 5, 1874, by the first named defendant as principal, and the other defendant as surety, and each containing the usual conditions. Writ dated October 6, 1874, and returnable at January term 1875 of the Superior Court.

On February 18, 1876, Hanson filed an answer, setting up his discharge in bankruptcy. On April 24, 1876, Gerrish died, and his death was suggested on May 4, 1876. On October 12, 1876, a discontinuance was entered as to Hanson, on account of his discharge in bankruptcy. On January 23, 1877, on motion of the plaintiff, an order issued to summon in the administratrix of the estate of Gerrish, returnable at April term 1877. On April 23, 1877, the following entry was made on the docket by order of the judge: "No default till further notice." On May 4, 1877, the administratrix appeared specially, and filed a motion to dismiss.

On these facts, *Dewey*, J., ruled that the action could not be prosecuted against the administratrix, and dismissed the same. The plaintiff alleged exceptions.

*J. S. Abbott*, for the plaintiff. 1. Section 11 of the Gen. Sts. c. 127, which provides that "when there are several plaintiffs or defendants in a personal action, the cause of which survives, and any of them die before final judgment, the action shall proceed at the suit of the surviving plaintiff, or against the surviving defendant, as the case may be," is not applicable to this case.

More than two months before the death of Gerrish, the other defendant had obtained and pleaded his discharge in bankruptcy. It was then impracticable to proceed against him.   The plaintiff could not have proceeded against the other defendant at any time after the death of Gerrish ; and, inasmuch as, immediately after such dismissal, he could commence and maintain a similar action against this administratrix, and against no other person, this action ought not to be dismissed.

2. The 14th rule of the Superior Court provides that " answers in abatement and demurrer and pleas in abatement shall be filed, and motions to dismiss made, within the time required for entering appearances, unless further time be allowed by the court." The time for entering an appearance in this case, by the Gen. Sts. c. 129, § 45, and the St. of 1870, c. 68, expired on April 13, 1877.   No order of any kind was made by the court until April 23, and then further time was not allowed ; and the motion filed May 4 was too late.

*G. W. Morse*, for the administratrix.

BY THE COURT.   At the time of the death of Gerrish, the action being still pending against the other defendant, the administratrix of Gerrish could not be summoned in to defend. *New Haven & Northampton Co.* v. *Hayden,* 119 Mass. 361. *Cochrane* v. *Cushing, ante,* 219.   The order of the court, after the return of the summons to her, that no default should be entered until further notice, extended the time within which she might file a motion to dismiss.   That motion was therefore seasonably made and rightly granted.         *Exceptions overruled.*