### John P. Gilman & others *vs.* City of Haverhill.
### Boston and Maine Railroad *vs.* Same.

Essex. Nov. 6. — 12, 1879. Colt & Ames, JJ., absent. Lord, J., did not sit.

The owner of land taken for the laying out or altering of a highway is entitled to a jury under the Sts. of 1870, *c.* 75, and 1873, *c.* 261, although he has not claimed damages before the county commissioners.

Two petitions by owners of land in Haverhill for juries to assess damages sustained by the widening and straightening by the county commissioners of a highway over the same. The record of the county commissioners contained no mention of the petitioners in the first case, and this statement only with regard

to the petitioner in the second case: "Boston and Maine Railroad to be paid by the city $5."

In the first case, the petition for a jury was presented under the St. of 1870, c. 75, to the county commissioners, who thereupon issued a warrant for a sheriff's jury, which was summoned accordingly, but, before it was empanelled, the respondent, appearing by attorney specially for this purpose, objected to any further proceedings, and moved that the case be dismissed, because it did not appear that the petitioners made any claim for damages before the county commissioners. The sheriff overruled the motion, and certified a verdict for the petitioners with this ruling to the Superior Court, before which the respondent renewed its objection by motion to set aside the verdict. *Gardner*, J., overruled the motion, and ordered the verdict to be accepted, and the respondent appealed to this court.

In the second case, the petition for a jury was presented to the Superior Court, under the St. of 1873, c. 261. The respondent, in its answer and at the trial in that court, made the like objection, which *Bacon*, J., overruled; a verdict was returned for the petitioner; and the respondent alleged exceptions.

*H. N. Merrill*, for the respondent.

*H. Carter*, for the petitioners, was not called upon.

GRAY, C. J. The only case which tends to support the respondent's position is one decided in 1798, in which a writ of mandamus to the Court of Sessions to order a jury to assess damages sustained by the laying out of a highway over land of the petitioners, is said to have been denied by this court, "principally because the petitioners did not state that they demanded damages before the committee that laid out the way, who gave them no damages at all; for, said the court, the application for a jury is very clearly in the nature of an appeal; and to be entitled to apply for a jury, the party must demand damages to be assessed for him by the locating committee." *Brown* v. *Haverhill*, 3 Dane Ab. 263.

At the time of that decision, the Court of Sessions consisted of the justices of the peace of the county; St. 1782, c. 14, § 1; and the right of appeal from the judgment of a justice of the peace in civil actions was restricted to cases "where both parties have appeared and pleaded." St. 1783, c. 42, § 6. In such a

state of the law, it was not unreasonable to hold that the provision of the St. of 1786, c. 67, § 4, allowing parties aggrieved by the doings of the committee of the Court of Sessions in laying out a highway, or in estimating damages, to apply for a jury, must be likewise restricted to cases in which there had been an actual contest before the tribunal of first instance.

But in the later statutes, all provisions restricting the right of appeal to cases in which there has been a joinder of issue in the court below have been stricken out. Rev. Sts. c. 82, § 6; c. 85, § 13; c. 87, §§ 15, 35; and notes of Commissioners to c. 82, § 6, and c. 85, § 12. *Holman* v. *Sigourney*, 11 Met. 436. Gen. Sts. c. 116, § 32; c. 120, § 25. There is therefore no longer any reason for applying such a restriction, and none has been applied in practice, to petitions for a jury to assess damages for the laying out or altering of a highway, whether presented to the county commissioners under the Rev. Sts. c. 24, § 13, the Gen. Sts. c. 43, § 19, and the St. of 1870, c. 75, or to the Superior Court, under the Sts. of 1873, c. 261, and 1874, c. 341.

The result is, that in the first case the judgment accepting the verdict must be affirmed, and in the second case the

*Exceptions overruled.*