### BRIDGET WALPOLE *vs.* THOMAS QUIRK.

Worcester.    Oct. 5. — Nov. 24, 1886.    DEVENS & W. ALLEN, JJ., absent.

A declaration alleged that the plaintiff executed a mortgage, with a power of sale, of certain real estate owned by him, to B., trustee, subject to two prior mortgages of said premises, to secure the payment of a sum named, "and upon the trust therein expressed and hereinafter stated;" that, on a day named, B. offered said premises for sale by auction in pursuance of said power, and the defendant bid for the equity of redemption of said premises a certain sum, and the same was struck off to the defendant for that price, the record thereof being in a certain book at a certain page; that on said day "B., trustee as aforesaid, executed and delivered a deed of assignment of said trust mortgage deed and the premises therein described to the defendant, who then and there accepted the same, and became charged with the trusts therein contained;" that on said day the defendant took possession of said premises, and had used and occupied the same and had the rents and profits thereof ever since; that on said day the defendant applied in part payment of the sum bid by him for the premises the amount due him upon said deed of assignment, leaving a certain balance "unpaid and due upon the defendant's said bid at auction, the same then and there being the property of the plaintiff;" that the defendant had held in trust for the use and benefit of the plaintiff said balance, and said real estate to the extent of said balance, from said day to the present time; that the defendant was chargeable with said balance, and the reasonable interest and annual income and accumulations thereon, "and in the use of said real estate" from said day to the present time; that the plaintiff had requested payment of the annual income thereof, "and of the amount due upon said trust," of the defendant, but the defendant had neglected to comply with the plaintiff's requests; and that the defendant owed the plaintiff "by reason of said trust" a sum named. *Held,* that the declaration set forth no cause of action.

CONTRACT. The declaration was as follows: "And the plaintiff says, that, on the twenty-ninth day of August, 1873, she

became the owner of certain real estate situate in Milford in. said county, bounded and described in the deed of that date from John J. Callenna to her, recorded in the registry of deeds, B. 905, p. 470, and on the tenth day of April, 1874, she executed a mortgage deed with power of sale — her husband Edward Walpole joining therein — to George H. Ball, trustee, subject to a mortgage to Sarah G. Allen, and a mortgage to Horace Wood, of said premises, for the security of the payment of three hundred and five dollars, and upon. the trust therein expressed and hereinafter stated, recorded in B. 924, p. 300.

" On the fifth day of January, 1875, said Ball offered said premises for sale at auction in pursuance of said power, and the defendant then and there bid for said equity of redemption of said premises, so conveyed as aforesaid to said Ball, the sum of sixteen hundred and twenty-five dollars, and the same were then and there struck off to the defendant for said price; the record thereof is in B. 946, p. 311. And on said fifth day of January, 1875, said Ball, trustee as aforesaid, executed and delivered a deed of assignment of said trust mortgage deed and the premises therein described to said defendant, who then and there accepted the same and became charged with the trusts therein contained, the record whereof is in B. 946, p. 314. And on said fifth day of January, 1875, the defendant took possession of said premises, and has used and occupied the same, and had the rents and profits thereof, thence to the present time. And on the said fifth day of January, 1875, the defendant applied in part payment of said sum of sixteen hundred and twenty-five dollars the amount due him upon the said deed of assignment, to wit, three hundred and five dollars, leaving the balance of thirteen hundred and twenty dollars unpaid and due upon the defendant's said bid at auction, the same then and there being the property of the plaintiff; and the defendant has held in trust for the use and benefit of the plaintiff said balance, and the said real estate to the extent of said balance, from said fifth day of January, 1875, to the present time. And the defendant is chargeable with said balance, and the reasonable interest and annual income and accumulations thereon, and in the use of said real estate from said fifth day of January, 1875, to the present time ; and the plaintiff has requested payment of the annual income

thereof, and of the amount due upon said trust of the defendant, but the defendant has neglected to comply with the plaintiff's requests. And the plaintiff says the defendant owes her by reason of said trust the sum of $2400.

" And the plaintiff says the defendant owes her $2400, for money had and received by the defendant to the plaintiff's use.

" And the plaintiff says the defendant has committed a breach of said trust relating to said balance and said real estate, and the trust accumulation thereon, and owes the plaintiff, by reason of said breach of trust, the sum of twenty-four hundred dollars."

The answer alleged, among other defences, that no legal cause of action was set out in the first count.

In the Superior Court, after the pleadings were read and the case opened for the plaintiff, *Bacon*, J., at the request of the defendant, ruled that the plaintiff could not recover upon the pleadings as they then stood ; and, the plaintiff having declined to amend her declaration, ordered a verdict for the defendant. The plaintiff alleged exceptions.

*S. A. Burgess*, for the plaintiff.

*T. G. Kent*, for the defendant.

HOLMES, J. Both parties agree that the only question is whether the special allegations of the declaration entitle the plaintiff to recover. If the allegation of a sale to the defendant under the power in the mortgage, coupled with the averment that " the record thereof is in B. 946, p. 311," standing alone, could be construed as an informal allegation that the sale was perfected by conveyance, the plaintiff would have no claim against the defendant for the price, because she was a stranger to the defendant's contract. She would have no claim against him in respect of rents and profits subsequently received, because those would belong to the defendant.

But the allegations mentioned are followed by specific averments that the mortgage was assigned on the day of the foreclosure sale, and that the defendant " became charged with the trusts therein contained," whatever they may have been. This suggests that, instead of carrying out the sale, the parties substituted an assignment of the mortgage, and this seems to be the view taken by the plaintiff's counsel in his argument. But in that case the price bid at the auction would not have been due,

and, if the price was not due, the defendant has not received the amount of the mortgage debt, so far as appears, and is not accountable for the rents and profits which he has received, otherwise than upon a bill to redeem.

It would rather seem, however, that the declaration was intended to set up both a completed sale to the defendant under the power, and a subsequent assignment to him of the mortgage, a satisfaction of the mortgage debt by applying it on the sum due from the defendant as purchaser under the power, and a double claim against him for the balance due upon the sale, and also for the rents and profits received by him; the latter claim treating him as a person claiming under the mortgagee, who has received more than is due upon the mortgage. Pub. Sts. *c.* 181, § 43. Supposing this to have been what the pleader intended to aver, the objections to the declaration are not less obvious than those already stated. If the sale was completed, the mortgage was extinguished, and the acceptance of a formal assignment of it by the defendant would not cut down his right to the rents and profits, which had become absolute as against the plaintiff, the mortgagor, by the mortgagee's conveyance under the power of sale. So the bare form of assignment of an extinct mortgage, without more, would not make the defendant liable to an action by the plaintiff for the sum due on the purchase under the power. The defendant's contract with the mortgagee would remain in force, and would still be the only source of his obligations. In thus dealing with the substantive questions raised or suggested, we do not mean to imply that the ruling of the court was not sufficiently justified by the obscurity and inconsistency of the declaration.

*Exceptions overruled.*