SAMUEL C. BRIGHAM *vs.* COUNTY OF WORCESTER & another.

Worcester. October 2, 1888. — October 18, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Relocation of Way — Assessment of Damages — Order of County Commissioners.*

County commissioners, on a petition to them under the Pub. Sts. c. 49, § 13, by the mayor of a city, pursuant to a vote of the city council, for the relocation of a way wholly therein, located it anew, and took in so doing a part of an abutter's land, their order concluding as follows : " No damages were claimed or allowed, and it is ordered by said commissioners that all costs and expenses of construction in the matter of this relocation be paid by the city." *Held,* on a petition by the abutter, under § 32, for a jury to assess his damages, that the city was liable under the order for all land damages that might arise.

PETITION to the Superior Court, under the Pub. Sts. c. 49, § 13, against the county and city of Worcester, for a jury to assess the damages to the petitioner's land by the relocation of Grove Street in that city.

At the trial before *Aldrich*, J., it appeared in evidence, by the record of the county commissioners, that, in pursuance of a vote passed by the city council, the mayor of Worcester petitioned the county commissioners for a relocation of a highway wholly therein, called Grove Street; that, after due notice and proceedings, the county commissioners ordered that the prayer of the mayor be granted, and proceeded to locate anew the street, taking a portion of the petitioner's land in so doing; and that the only order in the proceedings in respect to damages was at the close of the order of the county commissioners, as follows: " No damages were claimed or allowed, and it is ordered by said commissioners that all costs and expenses of construction in the matter of this relocation be paid by the city of Worcester."

The judge directed the petitioner to elect as to which respondent he would proceed against. The petitioner elected to

proceed against the city, whereupon the counsel for the latter requested the judge to rule that the petition could not be maintained against it; but the judge refused so to rule, and submitted the case to the jury as against the city.

The jury returned a verdict for the petitioner; and the city alleged exceptions.

*F. P. Goulding*, for the city of Worcester.

*B. W. Potter*, for the petitioner.

C. ALLEN, J.   The language of the order of the county commissioners does not in terms impose upon the city the duty of paying land damages, if there should prove to be any, and it certainly is not felicitously chosen to express that idea; but looking at it in the light of the circumstances, we think it will and must bear that construction.

The proceedings were instituted under the Pub. Sts. c. 49, § 13, which authorize the county commissioners to locate anew a road within a town (or city; Pub. Sts. c. 3, § 3, cl. 23; c. 28, § 2;) and the mayor of Worcester petitioned for the relocation of the street in question in pursuance of a vote passed by the city council.   The street was wholly within the city.   It was the duty of the commissioners to assess the expense "upon the abutters, or upon the petitioners, or upon the town or county."   The word "expense," as thus used in the statute, includes damage to landowners.   *Damon* v. *Reading*, 2 Gray, 274.   It is also specially provided, by § 14 of the same chapter, that, if damage is sustained by any persons in their property by locating anew a highway, the commissioners shall estimate the amount, and in their return state the share of each separately.   There is no opportunity for them to perform this duty except when the case is before them, and prior to or at least contemporaneously with the adoption of the order for the relocation.   The time within which an application for a jury may be made dates from the time of the adoption of the order.   Pub. Sts. c. 49, § 33.   They undertook to do their full duty in the premises.   They found that no damages were claimed or allowed; and then proceeded to assess upon the city "all costs and expenses of construction in the matter of this relocation."

This order must be construed with reference to the provisions of § 32, providing that a party aggrieved by the doings of the

commissioners in the estimation of his damages may have a jury, and may make application therefor to the Superior Court. It had already been determined by this court, as the true construction of the earlier statutes corresponding to the above section, that a party may make application for a jury, although he has not claimed damages before the county commissioners. *Gilman* v. *Haverhill*, 128 Mass. 36. It must be presumed that the commissioners intended to cover the whole ground, and to make a return which would include the whole expense incident to the relocation of the street. They must have been aware that a landowner would be entitled to make an application to the Superior Court to assess his damages, although he made no claim of damages before them. Through some inadvertence, probably, or perhaps through the expectation that, in point of fact, no damages would be claimed in the future, their language is inexact; but it seems to have been their intention to·put the whole expense of the relocation upon the city. They say, in substance, " We do not think there are any land damages, but we order the city to pay all the costs and expenses, whatever they are."                                    *Exceptions overruled.*