PHILADELPHIA AND READING COAL AND IRON COMPANY
*vs.* PAUL BUTLER & another, administrators.

Essex.   March 19, 20, 1902. — May 22, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Action, Survival.   Abatement.   Limitations, Statute of,* Special.   *Practice, Civil,* Amendment.   *Receiver.*

Two partners were sued jointly in an action of contract for goods sold. One died, his death was suggested, and his administrator appeared to defend the suit.   Three years later the administrator moved to withdraw his appearance.   While this motion was pending the plaintiff was allowed to amend by discontinuing against the surviving partner.   Immediately thereafter, the administrator moved that the action be dismissed.   Both his motions were denied.   The administrator appealed, and asked for a ruling, that the action abated against his intestate and could not be prosecuted against the estate.   The ruling was refused. *Held,* that the refusal was right.   Pub. Sts. c. 136, § 8, preserved the liability of the intestate's estate, and by the amendment allowed the suit begun as joint had become several.   The administrator by appearing merely brought himself before the court in a matter in which the estate already was liable and thus laid the foundation for an amendment which put the case into its proper form. *Held, also,* that the fact that the discontinuance against the surviving partner was after the special statute of limitations would have run to bar the action against the administrator had he not appeared, was immaterial.

If an action for goods sold is brought in the name of a corporation when it should have been brought in the name of a receiver of its property, the defect can be cured by amendment.

HOLMES, C. J.   This is an action for the price of coal alleged to have been sold to the late Benjamin F. Butler and to his partner Boynton.   The case was sent to an auditor and is reported to this court by a judge of the Superior Court, with a finding that the facts are as stated by the auditor, and with an agreement for the amount of the judgment if upon the facts the plaintiff is entitled to recover.   Two questions only are argued by the defendants : whether the action can be maintained against the present defendants, and whether the contract declared on is made out.

The suit was begun against Butler and Boynton.   On March 11, 1893, the death of Butler was suggested, and on August 8, 1894, instead of treating their testator's estate as discharged by his death from the suit upon the joint contract, his adminis-

trators appeared to defend the action. The case hung along, although some steps were taken in it, for over three years, when, on December 16, 1897, the administrators moved for leave to withdraw their appearance, as entered inadvertently and without authority of law. On June 2, 1898, while this motion was pending, the plaintiff moved to amend by discontinuing against Boynton. This the plaintiff was allowed to do on June 4. Five minutes later on the same day the administrators moved that the action be dismissed. Both the motions of the administrators were disallowed on July 18, 1898. The administrators appealed, and also asked a ruling at the hearing in the Superior Court that the action abated as against Butler by his death and cannot be prosecuted against his personal representatives, in spite of their appearance, the discontinuance against Boynton and Pub. Sts. c. 136, § 8.

We are of opinion that the ruling asked was wrong. The argument for it is that although the statute cited preserved the liability of General Butler's estate " as if the contract had been joint and several," it did not preserve the liability to a joint suit. But this argument tacitly assumes that the essence of the present cause of action is liability to a joint suit, which is a mistake. The essence is liability under the contract, with all its incidents. A suit begun as joint may become several by death. There is no reason why it should not become so also by amendment if the amendment is allowed. There is no reason why a suit begun on a contract as several should not be amended into a suit upon it as joint. And if persons are joined who all are liable upon it, and where the only objection to the joinder is the difference in the form of the proper judgments against them respectively, *Colt* v. *Learned*, 133 Mass. 409, 411, there is no reason against allowing an amendment so that only one of them shall be sued.

The administrators by appearing did not attempt to impose upon the estate a liability which did not exist, as in *Mellen* v. *Baldwin*, 4 Mass. 480. They merely brought themselves before the court in respect of a matter for which they were liable and thus laid the foundation for an amendment which put the suit into its proper form.

*Ricker* v. *Gerrish*, 124 Mass. 367, is relied on by the defend-

ants but it does not help them. There one of the defendants died and the plaintiff afterwards discontinued as to the other and then tried to summon in the representative of the deceased. The latter appeared specially and moved to dismiss, which was done. Obviously the representative could not be summoned in. at that stage any more than if the attempt had been made before the discontinuance. The law in the latter case had been declared by *New Haven & Northampton Co.* v. *Hayden*, 119 Mass. 361, and the principle of that case was applied, because the right to summon in the representative against her will could exist only if the action had been amended into an action against the deceased severally, and such an amendment was not accomplished merely by discontinuing against the other defendant after the deceased had dropped out of the case.

The fact that the discontinuance against Boynton was after the special statute of limitations would have run in favor of Butler's administrators but for their appearance is immaterial. See *Costelo* v. *Crowell*, 134 Mass. 280; *East Tennessee Land Co.* v. *Leeson*, 178 Mass. 206.

The other objection is that the contract declared on is not made out. The only ground pressed by the defendant is that the sale was made by receivers while the plaintiff's property was in their hands. If other objections had been urged, it might have been necessary to discharge the report as not sufficiently finding the facts, and possibly it may be necessary with regard to this one. But we hardly should expect the point to be pressed, seeing that if it were sound the defect could be cured by an amendment. *Hayward* v. *Leeson*, 176 Mass. 310, 326.

We express no opinion as to whether the objection is well founded. If the defendants deem it desirable to raise further question as to the right of the plaintiff to maintain the suit, the report will be recommitted for a fuller statement of the relation of the plaintiff to the contract, or an amendment may be made. Otherwise judgment will be entered for the plaintiff according to the agreement.

*Ordered accordingly.*

*L. S. Dabney,* (*F. L. Washburn* with him,) for the defendants.
*R. M. Morse,* (*W. M. Richardson & J. C. M. Bayley* with him,) for the plaintiff.