PROVIDENCE COUNTY SAVINGS BANK *vs.* EMANUEL VADNAIS.

PROVIDENCE—JUNE 27, 1903.

PRESENT: Stiness, C. J., Douglas and Dubois, JJ.

(1) *Promissory Notes.   Parties.   Joinder.   Pleading.*

The purpose of Gen. Laws cap. 233, § 21, which provides that a plaintiff may join in the same action "all or any persons severally, or jointly and severally, liable" on a promissory note, is to enable a plaintiff to *join* persons liable severally, or jointly and severally, and cannot be construed conversely to *exclude* joint parties.   The omission of a joint party is covered by section 23, which provides that no action shall be defeated by the non-joinder of parties, but that new parties may be summoned in.

(2) *Promissory Notes.   Parties.   Pleading.   Non-joinder.*

In case of a joint note, where one of the parties dies the administrator cannot be made a party, but separate actions must, under Gen. Laws cap. 233, § 17, be prosecuted against each party.   *National Bank v. Galvin,* 20 R. I. 159, as to ordering in the other party to a joint contract where the action was against an executrix, *disapproved.*

ASSUMPSIT.   Heard on demurrer to plea, and demurrer sustained.

(1)   STINESS, C. J.   The declaration sets out a joint note by the

defendant and his wife, and the fact that the wife died about five and a half years before this action was brought.

The defendant files a special plea, setting up that, as the note was joint, no action can be maintained against the defendant separately.

The plaintiff demurs to the plea.

Gen. Laws cap. 233, § 17, provides that on the death of a joint contractor, unless otherwise specified in the contract, his representative may be charged as if the contract had been several instead of joint, provided that in a partnership its assets shall be first exhausted.

In *Pearce* v. *Cooke*, 13 R. I. 184, the court said: "The statute makes the debt the several debt of each party," referring to Gen. Stat. cap. 193, § 30, which was substantially the same.

The plaintiff relies on Gen. Laws cap. 233, § 21, which provides that a plaintiff may join in the same action "all or any persons *severally* or *jointly and severally* liable" . . . on a promissory note, etc.

As the purpose of this statute was to enable a plaintiff to *join* persons liable severally, or jointly and severally, we do not think it can be construed conversely to exclude joint parties. The omission of a joint party is covered by section 23, which provides that no action shall be defeated by the non-joinder of parties, but that new parties may be summoned in. This was held to be a right of a defendant in *National Bank* v. *Galvin*, (2) 20 R. I. 159. We concur in the opinion there given as to this general statement, but the decision was erroneous in ordering in the other party when the action was brought against an executrix.

The rule in such cases is stated by Gray, C. J., in *New Haven* v. *Hayden*, 119 Mass. 361: "At common law, in case of a joint contract, if one of the joint contractors died an action at law could not be brought or prosecuted against his executor or administrator, but against the surviving contractor only; and if the contract was several, or joint and several, the executor or administrator of one could be sued in a separate action, but not jointly with the survivors, because he was to be

charged *de bonis testatoris* and they *de bonis propriis.*" See also 15 Ency. Pl. and Pr. 555.

The statute in Massachusetts was like our section 17, and it was held that administrators could not be summoned in, but must be sued separately.

The action cannot be defeated by reason of non-joinder, and in this case the administrator cannot be made a party, because section 17 provides for a separate action against such a party.

It follows, therefore, that the action was properly brought against the surviving joint contractor, and the demurrer to the plea is sustained.

*John A. Tillinghast,* for plaintiff.
*Thomas F. Vance,* for defendant.