GEORGIE S. LIVERMORE & another *vs.* COUNTY OF NORFOLK & another.

Norfolk.      March 24, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Way,* Highway, alteration or relocation.   *Practice, Civil,* Verdict.

The decision of this case on a demurrer to the petition, which failed to show the details of the proceedings on which it was founded, as reported in 186 Mass. 133, that the petition was for damages under R. L. c. 48, § 1, for the " alteration " of a highway and not under § 12 of the same chapter for the relocation of the highway, the nature of the proceedings now having been disclosed by a trial on the merits, is here reversed on the facts disclosed, it being *held,* that the petition was under § 12 and that the order of the county commissioners, that the expenses and land damages claimed should be paid by the town in which the highway was relocated, was valid. See *Bennett* v. *Wellesley, ante,* 308.

When under R. L. c. 48, § 12, county commissioners have made an order that a town shall pay the expenses of the relocation of a highway, there is nothing in § 52 of the same chapter or elsewhere which requires that the county should in the first instance pay the expenses and then recover·them from the town.

In the trial of a petition against a town and a county for damages which are to be paid either by the town or the county, if both respondents appear and take part in the trial, and later, upon a ruling of the presiding judge at the close of the petitioner's evidence that the town is not liable, the town withdraws from the trial, and a verdict is returned against the county, and if an exception of the county to the judge's ruling is sustained by this court and it is held that the town is liable and that the county is not, the verdict obtained against the county will not be allowed to stand against the town, which is entitled to be heard in a new trial before judgment is given against it.

HAMMOND, J.   When this case was here before it was held that the allegations of the petition set forth a case arising under the first section of R. L. c. 48, and not under the twelfth section.   It was stated, however, in the opinion of the court, that "from the recitals in the petition for assessment of damages, which are all that is before us to show the details of the proceedings, it is not plain beyond the possibility of question whether the commissioners were acting under the R. L. c. 48, § 1, and making an alteration of the highway, or under the R. L. c. 48, § 12, and merely relocating it.   If they were acting under the former section the petition for the assessment of damages should be brought against the county of Norfolk, which would be liable under the R. L. c. 48, § 52; if under the latter the petition should be brought against the town of Wellesley, which was ordered by the commissioners to pay the expenses of the change, including the land damages.   R. L. c. 48, § 12. The only question before us arises on the demurrer of the county."   *Livermore* v. *County of Norfolk,* 186 Mass. 133, 134.

. There has since been a trial in the Superior Court upon the merits before a jury, and the case comes before us upon a report made by the presiding judge.   At this trial the records. and proceedings of the county commissioners appeared in evidence, substantially as in *Bennett* v. *Wellesley, ante,* 308, and for reasons stated in that case the majority of the court are of opinion that in construing the petition for the changes in Worcester Street as a petition under R. L. c. 48, § 12, and in ordering the expenses and land damages to be paid by the town of Wellesley,

the commissioners made no error in law. The order therefore is valid.

It is urged, however, by the petitioners that, even if the order is valid, the county in the first instance must pay the land damages and then recover them from the town; and R. L. c. 48, § 52, is recited in support of that proposition. The history of the legislation shows that this position is untenable. See St. 1835, c. 152, § 8; Rev. Sts. c. 24, § 9; St. 1851, c. 214; Gen. Sts. c. 43, § 12; St. 1873, c. 165; Pub. Sts. c. 49, § 13; Rev. Sts. c. 24, §§ 38, 42; Gen. Sts. c. 43, § 47; Pub. Sts. c. 49, § 58; *Damon* v. *Reading*, 2 Gray, 274; *Brigham* v. *County of Worcester*, 147 Mass. 446. It follows that the exception of the county to the refusal of the court to rule that " on all the evidence the petitioners cannot recover against the county of Norfolk in this action" must be sustained. By the terms of the report, therefore, the petition must " be dismissed as to the respondent county." This renders it unnecessary to consider the other exceptions of the county.

At the close of the petitioners' evidence the judge ruled that the proceedings of the commissioners were under R. L. c. 48, § 1, and that the petition could not be maintained against the town of Wellesley. To the ruling that the petition could not be maintained against the town the petitioners excepted. For reasons already stated the majority of the court think that this exception must be sustained. By the terms of the report, " if the exception of the petitioners as to the ruling of the judge ordering the petition dismissed as to the respondent town is sustained, or in case any other exceptions of the petitioners are sustained, such entry is to be made as law and justice may require."

It is apparent from the report that, notwithstanding the decision upon the demurrer, the town, as was very proper, was represented by counsel at the trial on the merits and was actively engaged in opposition to the petitioners' case until the ruling was made that the petition could not be maintained against it. This ruling, as before stated, was made at the close of the petitioners' evidence, and the town was thereby relieved from further action at the trial; and it does not appear that it took any further action in defence. Under these circumstances it is

plain that to allow the verdict to stand as against the town would be holding the town when it has not been heard. Justice requires that the verdict should be set aside.

> *Petition dismissed as against the county. Verdict set aside and case to stand for trial as against the town.*

*C. E. Washburn*, for the petitioners.

*C. F. Jenney*, for the county of Norfolk.

*V. J. Loring*, (*C. S. Quinn* with him,) for the town of Wellesley.