CHARLES E. LEE *vs.* WALTER H. BLODGET & others.

Suffolk.    January 17, 1913. — May 20, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Misjoinder of parties, Discontinuance against one of joint defendants, Report, New trial.    *Survival of Actions.*

A right of action in contract against two or more parties to a joint undertaking is severed by the death of one of them, and separate actions must be brought against the survivor or survivors and under R. L. c. 141, § 8, against the executor or administrator of the one deceased.

An executor, who is made a defendant in an action of contract upon a joint obligation of his testator and other defendants, although the defense that he was joined improperly as a party can be raised by demurrer, also has a right after the plaintiff's opening to assert this defense by asking the presiding judge to order a verdict in his favor.

Where an executor, who is made a defendant in an action of contract upon a joint obligation of his testator and other defendants, has asserted the defense of misjoinder and the presiding judge upon his motion has ordered a verdict for such defendant executor, this, so far as the other defendants are concerned, operates only as a discontinuance against the defendant executor, and gives such other defendants no right to have a verdict ordered for them.

It is within the discretionary power of a trial judge to report an action at law to this court at the request of the plaintiff more than two years after such judge had ordered a verdict for the defendant and had made an order that the case should be " continued for report," R. L. c. 173, § 105, imposing no limit of time within which the discretionary power to report a case to this court shall be exercised.

CONTRACT against eight defendants, of whom three were the executors of the will of Stephen Salisbury, for services alleged to have been rendered to the first five defendants and Stephen Salisbury in connection with the organization of a corporation known as the Worcester Cold Storage and Warehouse Company.    Writ dated March 1, 1907.

In the Superior Court the case was tried before *Brown,* J.    It appeared that the contract under which the services of the plaintiff were performed was as follows:

"Subscription Form.

"Whereas it is proposed to organize a company for the purpose of transacting a cold storage business, similar to the plan hereto-

fore outlined, we, the undersigned, hereby individually subscribe at par for the amount of stock set opposite our respective signatures, and we agree to take the said stock upon allotment, and to pay for the same in installments as follows: ten per cent (10%) upon allotment and the balance upon notice to be not less than ten days and not more than twenty-five per cent (25%) to be called for in any one payment, and we hereby nominate and appoint Charles E. Lee of Boston our agent to organize the said company, and to do all necessary acts to complete said organization.

| "Subscriber, | Amount. |
|---|---|
| W. H. Blodget | $5000 |
| B. J. Heslor | 3000 |
| H. J. Heslor | 1000 |
| Frank G. Webster | 2000 |
| Stephen Salisbury | 3000 |
| Arthur Murphy | 1000 " |

After the case had been opened to the jury and one witness had been called, the defendant executors of the will of Stephen Salisbury asked the judge to order a verdict in their favor, on the ground that by reason of the death of Stephen Salisbury the action could not be maintained against them jointly with the other defendants. The judge ruled that the action could not be maintained against the defendant executors, and, subject to the exception of the plaintiff, ordered the jury to return a verdict for such executors, the defendants Hamilton, Ely and Dewey. The other five defendants then moved that a verdict be ordered for them and each of them, upon the ground that the verdict for the defendants Hamilton, Ely and Dewey, executors, constituted a release of one of the joint contractors under the agreement printed above, in that it left no existing cause of action against the representatives of the estate of Salisbury, it having appeared that more than two years had elapsed since the appointment of the executors. The present action against them jointly with the other defendants was brought within two years after their appointment.

The judge granted this motion and, subject to the exception

of the plaintiff, ordered the jury to return a verdict for these five defendants and each of them.

At the request of the plaintiff the judge reported the case for determination by this court. If his rulings were correct, judgment was to be entered for the defendants and each of them. If his rulings were wrong as to the defendants or any of them, the case was to be sent back for a new trial as against all or such of the defendants as this court might order.

The judge further reported the following facts: The case came on for trial on December 14, 1909, before a jury. After the opening statement by the counsel for the plaintiff, one witness was called in his behalf, and thereupon the motion was made by the executors of the will of Stephen Salisbury which is stated above and the judge made the rulings above stated and continued the case for report. The following entry was made upon the docket: "December 14, 1909, continued for report." A draft of a report prepared by the counsel for the plaintiff was first presented to the judge for allowance on April 13, 1912, at which time the defendants objected to any report being made, basing their objection upon the ground that by reason of the length of time which had elapsed since December 14, 1909, the judge then had no right to report the case. There were no docket entries between December 14, 1909, and April 13, 1912, the last entry being that stated above.

The judge ruled that he had the right as a matter of discretion so to report the case, and stated that in reporting it he should report the contention of the defendants that as a matter of law the authority conferred upon justices of the Superior Court to report cases under R. L. c. 173, § 105, is not an authority without limit of time, that after a reasonable time has elapsed and no report has been made the authority to report the case no longer exists, and that in this case under the circumstances above set out no such authority existed.

At the request of the defendants, the judge reported this additional question so raised by them. If, as a matter of law, the judge had no right to report the case after the lapse of time above stated, the report was to be discharged, and judgment was to be entered for the defendants and each of them; otherwise, the case was to be considered on the questions raised by the plaintiff.

*A. H. Russell,* for the plaintiff.

*R. Spring,* for the executors of the will of Stephen Salisbury.

*J. S. Gould,* for the defendants B. J. and H. J. Heslor, submitted a brief.

BRALEY, J.   The contract declared on is the joint undertaking of the subscribers to pay the plaintiff for his services in organizing the corporation, and under the answers each of which contains a general denial, he was required to prove the promise as alleged. *Bartlett* v. *Robbins,* 5 Met. 184.   *Wood* v. *Farmer,* 200 Mass. 209. *Boston Relief & Submarine Co.* v. *Burnett,* 1 Allen, 410.   *Armsinck* v. *American Ins. Co.* 130 Mass. 185, 188.   And the cause of action having been severed by the death of Stephen Salisbury, his executors, although sued with them, were not jointly liable with the survivors.   *Von Arnim* v. *American Tube Works,* 188 Mass. 515, 520, and cases cited.   The misjoinder could have been availed of by demurrer, but, as this defense also could be raised under a request made after the plaintiff's opening and before any evidence had been introduced, the judge properly directed a verdict for these defendants.   *Hey* v. *Prime,* 197 Mass. 474, 475.   *Livermore* v. *County of Norfolk,* 186 Mass. 133, 135; *S. C.* 189 Mass. 326.   *Walpole* v. *Quirk,* 143 Mass. 72.   *Cowley* v. *Patch,* 120 Mass. 137.   *Tuttle* v. *Cooper,* 10 Pick. 281.

But if under the R. L. c. 141, § 8, the executors in a separate action would be liable as if the contract of the testator had been joint and several, yet at common law as well as by the R. L. c. 177, § 6, the living defendants and promisors, although neither is bound by himself, are bound jointly to the full extent of the promise.   *New Haven & Northampton Co.* v. *Hayden,* 119 Mass. 361. *Colt* v. *Learned,* 133 Mass. 409.   *Foote* v. *Cotting,* 195 Mass. 55. *Meyer* v. *Estes,* 164 Mass. 457.

It was open to the plaintiff as soon as the defense of misjoinder had been raised to have moved to discontinue, and no amendment to the declaration would have been necessary.   *Taft* v. *Church,* 162 Mass. 527, 533; *S. C.* 164 Mass. 504.   The verdict for the executors, however, in so far as the other defendants were concerned operated only as a discontinuance, and the action remained joint as to the survivors.   *Philadelphia & Reading Coal & Iron Co.* v. *Butler,* 181 Mass. 468.   *Hathaway* v. *Crocker,* 7 Met. 262, 268. The plaintiff having been entitled to a trial on the merits, the

judge erroneously ruled that the action could not be maintained.

It is urged, that, even if reversible error appears, this court has no jurisdiction because of the delay of more than two years which have elapsed between the trial and the filing of the report. A party aggrieved may come to the full court on questions of law, either by appeal from errors of law apparent on the record, or by exceptions, or in the discretion of the trial judge by report. R. L. c. 173, §§ 96, 105, 106. If he resorts to an appeal, or bill of exceptions, the time within which the right must be exercised is limited. But whether a case shall be reported rests upon the discretionary power of the judge, who need not accede to the request of the defeated party, and whose action in taking the necessary steps, where a report is to be made, is governed by what he deems to be reasonable and just under the circumstances. R. L. c. 173, § 105. *Newburyport Institution for Savings* v. *Coffin,* 189 Mass. 74. *Smith* v. *Lincoln,* 198 Mass. 388. *Strong* v. *Carver Cotton Gin Co.* 202 Mass. 209. The defendants understood by the judge's order shown by an entry on the docket, that the case had been continued for the purpose of being reported, and the mere lapse of time, where the defendants do not appear even to have requested that the report be prepared and filed, or to have suffered the loss or impairment of any legal right, is insufficient to deprive the plaintiff of the benefit of the statute.

By the terms of the report, judgment on the verdict is to be entered for the executors, while the verdict for the other defendants is set aside and a new trial granted.

*So ordered.*