CHARLES COWLEY *vs.* EPHRAIM B. PATCH, executor.

Middlesex.  Jan. 24. — March 3, 1876.  COLT & ENDICOTT, JJ., absent

The provision of the Gen. Sts. c. 97, § 28, that upon the death of one person in-
debted upon a joint contract, his estate shall be liable therefor as if the contract
had been joint and several or as if the judgment had been against himself alone,
relates only to the remedy, and, in an action upon such contract against the exec-
utor of a deceased party thereto, the plaintiff must still prove that the original
liability was joint, and that both the survivor and the executor of the deceased
are liable.

In an action on the Gen. Sts. c. 97, § 28, against the executor of a person alleged to
be jointly liable with F. upon two contracts, the declaration contained two counts,
one upon each contract, and it appeared that in former actions upon the same
contracts in which F. was a defendant, he had been adjudged not liable.  As to the
first count of the declaration it was admitted that the original liability, if any, was
joint; and, as to the second, it appeared that the plaintiff in the former action
treated the liability as joint, and no facts appeared tending to show that it was
several.  *Held,* that the executor was not liable on the contracts.

CONTRACT against the executor of John W. Graves.  The
declaration contained two counts, the first of which was for
money had and received to the plaintiff's use by the said Graves.
The second count was for professional services and disbursements.
The answer alleged, among other things, that if the testate was
ever indebted to the plaintiff, as alleged, he was jointly indebted
with one Henry H. Fuller, now living, and that the plaintiff
had elected to prosecute his suits, for the indebtedness and iden-
tical subject-matter in each count contained, against Fuller to
final judgments, which judgments had been against the plaintiff,
and in favor of Fuller.  The case was submitted to the Superior
Court upon an agreed statement of facts in substance as follows :

Each count declares on a distinct and separate demand.  The
indebtedness in the second count, if any, (which the defendant
does not admit,) was originally the joint indebtedness of the de-
fendant's testate, John W. Graves, and Henry H. Fuller.  A suit
was formerly brought by the plaintiff, for this identical demand
against Graves and Fuller, in the lifetime of Graves.  Upon the
death of Graves during the pendency of the suit in court, the
plaintiff discontinued against Graves, and prosecuted his suit to
final judgment against Fuller alone as the survivor of the joint
debtors.  On trial by jury, verdict and judgment were in favor

of Fuller, the defendant, who obtained judgment for costs, which have been paid on execution.

A suit for the identical demand sought to be recovered in the first count was formerly brought by the plaintiff against John W. Graves in his lifetime. After suit brought and after the death of Graves, the plaintiff by order of court, on motion, summoned Henry H. Fuller into court as a joint debtor, contractor and defendant, with Graves, alleging that he was such in his motion to summon him in. Fuller was thus joined as a joint debtor and defendant with Graves. Graves dying pending the suit in court, the plaintiff discontinued as to Graves and prosecuted his suit to trial, verdict and judgment against Fuller alone as the surviving joint debtor. The ground of procedure against Fuller, through trial and up to final judgment was, that he was a joint contractor and debtor with Graves, and the trial was conducted on that ground. Verdict and judgment were in favor of the defendant, Fuller, who obtained a judgment for costs against the plaintiff, which has been paid on execution.

Upon these facts *Putnam*, J., ruled that the action could not be maintained, and ordered judgment for the defendant. The plaintiff appealed.

*C. Cowley*, pro se.

*G. Stevens*, for the defendant.

GRAY, C. J. In order to maintain an action on a joint contract, whether the action is brought against one or against both of the joint contractors, it is necessary to prove the liability of both; for if one only is or ever was liable, there is not a joint, but only a several liability, and a variance from the cause of action declared on. For example, if one joint contractor is sued alone, and does not plead in abatement the nonjoinder of the other, and judgment is rendered against the one sued, it merges the cause of action against him, and (unless otherwise provided by statute) as the two are no longer jointly liable, prevents a subsequent recovery against the other joint contractor. *Ward* v. *Johnson*, 13 Mass. 148. *King* v. *Hoare*, 13 M. & W. 494. *Mason* v. *Eldred*, 6 Wall. 231. So if, in such an action, the judgment is for the defendant, upon the ground that there is no joint liability, it is a bar to a subsequent action against the other contractor upon the joint contract. *Phillips* v. *Ward*, 2 H. & C. 717.

The same rule must be applied to this case. It is true that, by reason of the death of one joint contractor, and the provision of the Gen. Sts. *c.* 97, § 28, enabling an action to be maintained against his administrator as if the contract had been originally joint and several, the plaintiff might maintain one action against the survivor, and another against the administrator of the deceased. *Curtis* v. *Mansfield*, 11 Cush. 152. *New Haven & Northampton Co.* v. *Hayden*, 119 Mass. 361. But the severance is merely for purposes of remedy, and the plaintiff must still, in either action, prove that the original liability was joint, and that, so far as concerns that question, both the survivor and the administrator of the deceased are liable.

This action against the executor of Graves cannot be maintained upon the ground that Graves and Fuller were originally jointly liable, because such liability is disproved by the judgments in favor of Fuller in the former actions, one at least of which is shown by the statement of facts to have been prosecuted against Graves and Fuller in the lifetime of both, and both of which were prosecuted against Fuller, after the death of Graves, solely upon the ground of a joint liability.

It cannot be maintained upon the ground that Graves was originally the sole debtor, because, as to one count, it is admitted that the original liability, if any, was joint ; and, as to the other count, the plaintiff in the former action treated the liability as joint, and there are no facts tending to show that it was several.

*Judgment for the defendant.*