FRANK W. BLAIR *vs.* TELEGRAM NEWSPAPER COMPANY
& another.

Worcester.    October 3, 1898. — November 23, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Corporation — Equity — Vagueness of Allegations — Demurrer.*

A bill in equity, by a minority stockholder against a corporation and a majority
stockholder, to compel the latter to restore to the corporation money appro-
priated by him, alleged that the defendant's salary was fixed at fifty dollars
a week when the corporation was organized; that there were three directors,
the plaintiff, the defendant, and one B.; that the defendant from June, 1891, to
May, 1896, appropriated to himself under the pretence of salary one hundred
dollars per week, without the knowledge of the other directors; that when he
found it out the plaintiff protested; that the defendant then called a directors'
meeting in May, 1896, and procured the majority of the directors to pass a vote
making his salary one hundred dollars a week from June, 1891, and approving
the payments already made; that the plaintiff protested in writing, and de-
manded of the defendant that he pay back to the corporation the amount he
received in excess of fifty dollars, which he refused to do; and by an amend-
ment to the bill, that the defendant had appropriated a large amount of funds
of the corporation to his own use, the details of which the plaintiff was unable
to give, because the defendant concealed the financial affairs and books of the
corporation. *Held*, on demurrer, that enough was alleged in the bill, as amended,
to require the defendants to answer the bill as to the salary of one hundred dol-
lars per week received by the defendant stockholder from June, 1891, to May,
1896.

BILL IN EQUITY, filed January 4, and amended May 12, 1897,
in the Superior Court, against the Telegram Newspaper Com-
pany, a corporation, and Austin P. Cristy, to compel the latter
to restore to the corporation money appropriated by him, alleg-
ing that Cristy was a majority stockholder in the corporation,
the balance of the stock being owned by the plaintiff and one
Bassett, and all three being directors therein. The defendants
demurred to the bill, assigning various grounds of demurrer.
*Dunbar*, J. overruled the demurrers; and, the defendants hav-
ing appealed, reported the case for the determination of this
court. The facts appear in the opinion.

*S. L. Whipple & H. W. Ogden*, (*D. Manning* with them,) for
the defendants.

*F. P. Goulding*, (*W. C. Mellish* with him,) for the plaintiff.

FIELD, C. J.   The allegations of the plaintiff's bill are so meagre that it is impossible to decide upon demurrer the most important questions which have been argued.   The bill alleges that "at the time of the incorporation, to wit, in June, 1890, the salaries of said Cristy and plaintiff were fixed at fifty and thirty dollars per week respectively, and remained at that rate thereafter until the sixth day of June, 1896."   It is not alleged in what manner or by what authority the salaries were so "fixed," but we are inclined to construe this averment to mean that the salaries were fixed at these sums by some lawful authority, and that the salaries remained so fixed until June 6, 1896, which is undoubtedly a mistake for May 6, 1896.   The bill also alleges as follows :

"IV.   On the first day of June, 1891, without the knowledge of the plaintiff, and without any vote of the directors, or any knowledge of the directors, except the knowledge of said Austin P. Cristy, the said Cristy began to appropriate to himself, under the pretence of salary, the sum of one hundred dollars each week, and continued to appropriate that sum of money up to May, in the year 1896, the time of the passing of the vote hereinafter referred to.

"V.   Inasmuch as the said Austin P. Cristy kept all the financial transactions of the said corporation concealed from the other members of the corporation, the plaintiff had no knowledge until long after said first day of June, 1891, that the said Cristy was appropriating said sum of money to himself as his salary, and did not learn of the same until long afterwards, and as soon as he learned thereof he at once protested to said Cristy against the said act as illegal and unjust, and as a fraud upon him as a minority stockholder in said corporation.

"VI.   Thereupon, upon the sixth day of May, 1896, the said Austin P. Cristy called a meeting of the directors of said corporation and procured the majority of said directors to pass the following vote, to wit : 'Voted, That the salary of A. P. Cristy as president, treasurer, manager, and editor be one hundred dollars each week, the said salary to begin with June 1, 1891, and that the said salary of one hundred dollars per week which A. P. Cristy has already received from this company since June 1, 1891, is hereby expressly approved and confirmed by this

board of directors, its said approval to be entered upon its records.' "

At the same time the plaintiff offered the following protest in writing, and spread it upon the records of said corporation, to wit: "Frank W. Blair, a stockholder and director of the Telegram Newspaper Company, protests against the action of the directors in voting to pay back salary to Austin P. Cristy from June 1, 1891, to date, on the ground that it is illegal and in violation of justice and equity."

It does not appear by the bill whether the corporation has or ever had any by-laws. The Pub. Sts. c. 105, § 4, provide that "Every corporation . . . may . . . elect in such manner as it may determine all necessary officers, fix their compensation and define their duties and obligations," etc. It does not appear by the bill that the directors had been given by the stockholders any authority to fix the compensation of officers. The plaintiff, however, complains of the vote of the directors only on the ground, as we understand the bill, that "it is illegal and in violation of justice and equity," in "voting to pay back salary to Austin P. Cristy from June 1, 1891, to date" of the vote. As it does not appear that there were any by-laws, or that any action of the stockholders had been taken on the subject of salaries, it is impossible to say that it appears on the face of the bill that this vote of the directors was authorized by the stockholders, although it is equally true that it does not appear that the stockholders never authorized the directors to pass such a vote. The bill merely alleges that the vote, so far as it relates to the back salary, was illegal; but the plaintiff apparently admits that the vote was legal as to future salary. The bill is certainly "vague and uncertain" on the subject.

The bill as originally filed complained only of the receipt by Cristy of a salary at the rate of $100 per week from June 1, 1891, to May 6, 1896. The only suggestion in the bill of any other misappropriation of the funds of the corporation by Cristy appears in the prayer of the bill, which is "that an account may be taken of the applications and appropriations said defendant Cristy has made of the funds of the corporation to other purposes for his own private use," etc. The plaintiff amended the bill by alleging "that the said defendant Cristy has appropriated

a large amount of the funds of said corporation to his own private use, the details and particulars of which the plaintiff is unable to state because the said Cristy conceals from him the financial affairs and the books of said corporation," etc. Such a charge, we think, is too general and vague. *Nye* v. *Storer*, 168 Mass. 53. It is consistent with the plaintiff's having no definite knowledge even by way of information on the subject, and the bill cannot be maintained simply for the purpose of fishing for information on subjects on which the plaintiff has no definite knowledge or information. The demurrers, however, are not to a part of the bill.

The allegations of the seventh paragraph of the bill perhaps may be so construed as to show that the plaintiff had taken, under the circumstances stated, before bringing this suit, all practicable steps to induce the corporation to bring a suit.*

Assuming, as we must in a hearing on demurrer after, the amendment of the bill, that it is true that Cristy has concealed from the plaintiff "the financial affairs and the books of the corporation," we are inclined to the opinion that enough has been alleged to make it necessary for the defendants to answer the bill in regard to the salary of $100 per week received by Cristy from June 1, 1891, to May 6, 1896. Sufficient facts are not set out in the bill as amended to enable us to determine the questions whether the stockholders have authorized or legally could have authorized the directors to pass the vote of May 6, 1896, or whether the defendant Cristy can lawfully retain the $50 per week alleged to have been received by him beyond his salary as originally established from June 1, 1891, to May 6, 1896.

*Demurrers overruled.*

---

* This paragraph alleged as follows: " The plaintiff has demanded of said Cristy that he should pay back into the corporation the said back pay and salary in excess of the amount fixed at the time of the incorporation of the company, which he has refused to do."