BAY STATE GAS COMPANY OF DELAWARE *vs.* THOMAS W. LAWSON & others.

Suffolk.   March 28, 1905. — June 23, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Equity Jurisdiction.*

A bill in equity by a corporation against the members of a firm of brokers, alleging that the defendants acted as fiscal agents for the plaintiff for a series of years and rendered monthly accounts which were received by the plaintiff without

objection by reason of fraud, collusion and conspiracy on the part of the managing officer of the plaintiff who controlled its other officers in the acceptance of the accounts, and that the accounts were false and fraudulent in many particulars alleged, and praying that the accounts be opened, or that they be surcharged and falsified to rectify the frauds and errors therein, is good on demurrer as setting forth ground for equitable relief.

BILL IN EQUITY, filed as finally amended on January 10, 1904, by the Bay State Gas Company of Delaware, a corporation organized under the laws of the State of Delaware, against Thomas W. Lawson of Boston and Camille Weidenfeld of the city and State of New York, lately copartners under the firm name of Lawson, Weidenfeld and Company, and Allen Arnold and Henry H. Arnold, both of Boston, the said Lawson and the two last named defendants doing business under the firm name of Lawson, Arnold and Company.

The bill alleged that the defendants Lawson and Weidenfeld were continuously, from August 27, 1895, to July 1, 1900, copartners, doing business as brokers, that during the period from August 27, 1895, to December 7, 1896, one Otis Kimball was associated in business with them as a copartner, but on the date last named retired from the firm under an arrangement between him and the defendants which provided for the assumption by the defendants Lawson and Weidenfeld of all the then existing partnership liabilities. The allegations and prayers of the bill are sufficiently described in the opinion. The defendant Lawson demurred to the bill as finally amended, and also moved to strike out certain portions of the bill.

The case was heard by *Braley,* J., who made an order that the demurrer be overruled, and denied the motion. At the request of the defendant Lawson he reported the case for determination by the full court.

*J. R. Dunbar & H. M. Davis,* (*H. Albers* with them,) for the defendant Lawson.

*S. L. Whipple,* (*A. Lincoln* with him,) for the plaintiff.

KNOWLTON, C. J.   To this bill in equity the defendant Lawson has demurred generally and on special grounds. It is averred in the bill that the firm of Lawson, Weidenfeld and Company, of which the defendants Lawson and Weidenfeld were members, acted as brokers and fiscal agents for the plaintiff for a series of years, and in that relation received and disposed of a great deal

of property belonging to the plaintiff, for which they were accountable. It is also stated that they rendered monthly accounts to the plaintiff, which purported to be statements of the true financial relations of the parties in reference to the business transacted between them. Upon the averments of the bill, these monthly accounts, covering a long period, received by the plaintiff without objection, while the general relations of the parties remained unchanged, became accounts stated, which, *prima facie*, were binding upon them. It is alleged in the bill that these accounts were made falsely and fraudulently in many particulars, and among the prayers for relief is one that the accounts be opened, or that they be surcharged and falsified, on account of the frauds and errors which appear in them. These are the substantive statements, which are made in detail, to which the other averments are ancillary. In this particular the case appeals to a well known branch of jurisdiction in equity, especially in connection with the averments that these defendants were in a fiduciary relation to the plaintiff, and that the accounts were mutual, and of such a nature that they cannot be conveniently and properly adjusted and settled in an action at law. *Brownell* v. *Brownell*, 2 Bro. Ch. 62. *Clarke* v. *Tipping*, 9 Beav. 284. *Allfrey* v. *Allfrey*, 1 Macn. & G. 87. *Williamson* v. *Barbour*, 9 Ch. D. 529. *Greene* v. *Harris*, 11 R. I. 5. *Weed* v. *Smull*, 7 Paige, 573. *Floyd* v. *Priester*, 8 Rich. Eq. 248. *Paulling* v. *Creagh*, 54 Ala. 646. Story Eq. Jur. §§ 523, 526. 1 Dan. Ch. Pl. & Pr. (6th Am. ed.) 668.

The charges of fraud and error are sufficient, both in form and substance, to entitle the plaintiff to present its case in evidence.

The allegations of fraud, collusion and conspiracy on the part of the managing officer of the corporation who controlled the other officers are important, as explaining the long delay of the plaintiff in seeking a remedy from the defendants. Except for some such explanation, the plaintiff would appear to be bound by the acts of its officers in accepting these accounts and treating them as true, and would be barred by laches in neglecting to bring its suit earlier. But if this part of the case is proved, the statute of limitations will not be a bar and no laches will appear. *Wells* v. *Child*, 12 Allen, 333, 335. *Gould* v. *Emerson*, 160 Mass. 438, 440.

The failure to join Kimball as a party defendant is not fatal to the case. The averments as to the arrangement between him and the defendants Lawson and Weidenfeld and the subsequent dealings between these defendants and the plaintiff leave them liable to the plaintiff, without joining Kimball, for all matters for which they assumed to account to the plaintiff as members of the firm who continued the business after Kimball retired, and for all frauds and errors which entered into the accounts rendered after his retirement. *Wild* v. *Dean*, 3 Allen, 579. By these accounts, rendered in accordance with the arrangement with Kimball and received and accepted by the plaintiff, they entered into a relation with the plaintiff in reference to the matters accounted for, which entitles it to treat them as the only parties liable for the dealings which the accounts purport to include.

It has not been contended that these two joint defendants are not liable for everything done since the dissolution of the partnership in the regular liquidation of the business of the firm.

That part of the bill which relates to the interest of the defendant Lawson in the business of the firm of Lawson, Arnold and Company is included rightly, for the purpose of obtaining an equitable attachment under the R. L. c. 159, § 3, cl. 7.

The bill is not multifarious. It purports to present but one general ground of relief, which includes many details, namely, a right to the correction of errors in the accounts.

The reference to the receiver was immaterial and should be stricken out. In all other particulars the defendants' motion to strike out is denied.

> *Demurrer overruled; motion to strike out denied, except in the part that refers to a receiver.*