OTTO F. VON ARNIM & another, trustees, *vs.* AMERICAN TUBE WORKS & others.

Suffolk.    March 31, 1905. — June 23, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, & BRALEY, JJ.

*Equity Jurisdiction.    Corporation.    Equity Pleading and Practice.    Survival.*

In a suit in equity by a minority stockholder in a corporation to restrain the officers of the corporation who also are its directors and the holders of a majority of its stock from wrongfully taking the funds of the company, under the guise of commissions or participation in profits, largely in excess of the value of their services, it is not necessary to allege or prove that the plaintiff before filing his bill made an application to the wrongdoers for relief within the corporation.

The right of a corporation to recover from one of its officers property of the corporation wrongfully converted by him, or its value, survives against his estate.

Where the officers of a corporation wrongfully have converted property of the corporation to their own use, the death of one of them, which would work a severance of the joint liability at law, does not prevent the executor or administrator of the deceased officer being joined as a defendant in a suit in equity against the officers to compel restitution of the property to the corporation, since in equity appropriate separate decrees may be made.

BILL IN EQUITY, filed as amended and substituted by leave of court on December 3, 1904, by the trustees under the will of Elizabeth Cotton von Arnim against the American Tube Works, a Massachusetts corporation, and Walter G. Cotton, William C. Cotton, Frank B. Cotton, and the executors under the will of George H. Cotton, alleging among other things that the plaintiffs' testatrix was the aunt of the three Cottons above named, and was the holder of two hundred and twenty-five shares of the defendant corporation, that Walter G. Cotton was the president,

William C. Cotton the treasurer and Frank B. Cotton the assistant treasurer of the defendant corporation, the last named succeeding his brother George H. Cotton who was assistant treasurer for many years until his death about a year before the filing of the bill, that these Cottons also were directors of the defendant corporation and owned or controlled a majority of its stock, that in the latter part of the year 1903 reports were brought to the attention of the plaintiffs that for several years the Cottons, as officers of the defendant corporation, had been taking funds of the company, under the guise of commission or participation in profits, largely in excess of the value of their services, and without legal right, and that this course of action had been purposely concealed from the stockholders of the corporation other than the officers implicated, praying that an injunction might issue to restrain the defendants from drawing out more money in this manner except a salary of $2,500 per annum each, for the treasurer and the assistant treasurer, that an account might be taken, and that the several other defendants might be ordered to repay to the defendant corporation the amounts wrongfully withdrawn, or that a receiver might be appointed authorized to bring such suits as might be necessary, and for other relief.

The defendants severally demurred to the bill as amended. The case was heard by *Hammond*, J., who entered an interlocutory decree overruling the demurrers, and being of the opinion that such decree so affected the merits of the controversy that the matter ought before further proceedings to be determined by the full court, reported the case for such determination.

*S. L. Whipple & W. R. Sears*, (*E. M. Brooks* with them,) for the plaintiffs.

*C. T. Gallagher & W. B. Grant*, for the defendants.

BRALEY, J.    All the material allegations of the amended bill that are well pleaded must be taken as admitted by the several demurrers.    The defendants in support of their demurrers, with one exception which will be noticed later, rely upon the same grounds of defence, raising the general question whether a case is stated that entitles the complainant to equitable relief.

Under a bill of complaint brought by a minority stockholder against the officers of the corporation for official misconduct by which its assets have been wrongly appropriated, it is obligatory

for him to allege and prove, that they have failed to perform their duty, thus causing a breach of their trust ; that upon notice and reasonable request the corporation has refused to take action, or that it is so under the control of the wrongdoers that any application for relief would be an idle ceremony ; and that the complainant himself has been diligent in seeking and prosecuting his remedy.  *Hawes* v. *Oakland,* 104 U. S. 450.

In the present case the wrongful conduct of the individual defendants, who are respectively president, treasurer, assistant treasurer, and directors of the company, is averred to have been the unlawful taking by them of its funds in excess of their several salaries, or of the value of their services.  See *Putnam* v. *Gunning,* 162 Mass. 552.

It is also alleged that the treasurer and the assistant treasurer each was receiving a regular salary as compensation for his services, though there is no similar allegation concerning the employment of the president, and that their misappropriation of corporate property which continued for a number of years was purposely concealed from all stockholders other than those implicated.

Upon the face of the bill no reference is made to any by-law of the corporation, or vote of the stockholders, or of the directors sanctioning such use of the company's assets.   However valuable the services of these officers may have been in advancing its business interests they rightly could not take these funds for their services under the fiction that such an appropriation was in payment of salary or commissions on profits, unless in some proper form their action was authorized by the corporation. *Sawyer* v. *Pawners' Bank,* 6 Allen, 207, 209.   *Pew* v. *First National Bank of Gloucester,* 130 Mass. 391.   *In re Newman,* [1895] 1 Ch. 674.

The defendants' argument that these payments to themselves have been sanctioned and ratified by the long continuance of the custom itself ought not to prevail.

Neither the plaintiffs as trustees, nor the testatrix, who appears to have been an original stockholder, are shown to have been cognizant at any time of the course being pursued, and they cannot be held to have ratified by their silence official misconduct of which they had no knowledge.   *Metropolitan*

*Coal Co.* v. *Boutell Transportation & Towing Co.* 185 Mass. 391, 397.

Even if a majority of the stockholders consented to ratify an illegal use of its funds, their assent would not bind a protesting minority, or prevent them from obtaining appropriate equitable relief. *Eaton* v. *Robinson*, 19 R. I. 146. *Brown* v. *De Young*, 167 Ill. 549. *Blair* v. *Telegram Newspaper Co.* 172 Mass. 201.

But if the plaintiffs have sufficiently alleged a breach of their trust by the defendant officers, it is insisted by all the defendants that the bill must be dismissed for want of a previous application to the corporation itself for redress.

When the company originally was organized it apparently was designed to be, and has continued, a close corporation, whose stock almost exclusively has been owned by the family composed of the defendants, their deceased brother, and their aunt, the testatrix, under whose will the plaintiffs are trustees. These defendants who, as directors, are stated to have combined with themselves when acting as president, treasurer, and assistant treasurer for the purpose of effecting the alleged wrong, are also represented as owning a large majority of the capital stock, and consequently have full control of the company's affairs.

To require an application to be made to the wrongdoers for relief within the corporation as a condition precedent to maintaining this bill would be futile, for they could prevent any remedial action being taken.

When, therefore, it appears that such an application must in the nature of things be unavailing the law does not require it to be made. *Brewer* v. *Boston Theatre*, 104 Mass. 378. *Dunphy* v. *Traveller Newspaper Assoc.* 146 Mass. 495. *Blair* v. *Telegram Newspaper Co.* 172 Mass. 201. *Dimpfell* v. *Ohio & Mississippi Railway*, 110 U. S. 209.

It is well settled that equity aids the diligent and refuses relief to those who slumber upon their rights; and that the defence of long and unexplainable delay, when accompanied by a full knowledge of the facts, or of information which should put a party upon his inquiry, if shown by the bill, may be raised by demurrer. *Sawyer* v. *Cook, ante,* 163.

But where, as in this case, it is alleged that a minority stockholder, while relying on the businsss management of her nephews,

has been by them deliberately kept in ignorance of the true state of affairs, followed by a refusal upon request of the trustees of her estate for access to the books of the corporation, and such access and the method of corporate administration shown by them was obtained only after a bill in equity for relief has been brought, it cannot reasonably be said that there has been a want of diligence in her lifetime, or since her death an unreasonable delay after the facts were known, sufficient to bar this suit. *Dunphy* v. *Traveller Newspaper Assoc.* 146 Mass. 495.   *Doane* v. *Preston*, 183 Mass. 569.   *Loring* v. *Palmer*, 118 U. S. 321, 344.

The failure to join as parties those referred to under the allegation of " other persons acting in concert and participating with them " affords no ground for dismissing the complaint as the defendants are answerable for their own misconduct under the third prayer for relief for an accounting and repayment, while they are not responsible for the independent illegal acts of unnamed parties.   *Todd* v. *Old Colony & Fall River Railroad*, 3 Allen, 18, 20.   *Bay State Gas Co.* v. *Lawson, ante,* 502.

In addition to the general causes of demurrer already considered, the executors of the will of George H. Cotton, who as a former assistant treasurer is alleged to have participated in the unlawful diversion, also assigned as further reasons for the dismissal of the bill as to them, that the plaintiffs' cause of action did not survive against their testator, and that if it did they cannot be sued jointly with the other defendants.

The plaintiffs' cause of action is founded upon the right of the corporation itself to recover for the misappropriation of its property by the deceased.   If any of the defendants are finally held liable to make restitution, generally reimbursement would be made not to the plaintiffs, but to the corporation which always is a necessary party to such suits, though where the exigencies of the case require it, and to avoid circuity of action, a stockholder may be granted individual relief in the same suit.   *Pratt* v. *Bacon*, 10 Pick. 123, 126.   *Dewing* v. *Perdicaries*, 96 U. S. 193, 198.   *Eaton* v. *Robinson*, 19 R. I. 146.   *Laurel Springs Land Co.* v. *Fougeray*, 5 Dick. 756.   *Miner* v. *Belle Isle Ice Co.* 93 Mich. 97.

When recovery follows in such a suit it rests on the right either to recover the property, or its value, which it is claimed

has been wrongfully converted by the testator, and an action survives against his estate. *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97, 104. *Wineburgh* v. *United States Steam & Street Railway Advertising Co.* 173 Mass. 60. R. L. c. 171, § 1.

The remaining question is one of more difficulty. It is manifest that if ultimately the bill can be maintained the corporation could have brought an action for money had and received against each officer for the amount withdrawn by him, or if it was proved that the president, treasurer, and assistant treasurer, when acting as such, or as a board of directors, permitted its money to be illegally taken, by one or all, they as trustees could be jointly or severally compelled to make restitution. *Warren* v. *Para Rubber Shoe Co., ubi supra,* at page 104 and cases cited.

If the acts of the testator, and of his brothers, the other individual defendants, were so related as to form a part of the general design of misappropriation no practical inconvenience would arise if he were living in determining his liability in this suit. Nor would the bill thereby be rendered multifarious. *Lenz* v. *Prescott,* 144 Mass. 505 ; *Dunphy* v. *Traveller Newspaper Assoc., ubi supra,* at page 499. *Bliss* v. *Parks,* 175 Mass. 539, 543. *Graves* v. *Corbin,* 132 U. S. 571, 580.

His death worked no transformation of his original liability, and his estate continued liable to the corporation. *Wineburgh* v. *United States Steam & Street Railway Advertising Co., ubi supra.*

At law by reason of his decease there would be a severance of any joint liability, and the plaintiffs could have maintained one action against the executors, and another against the survivors. *Cowley* v. *Patch,* 120 Mass. 137. The severance, however, affects only the remedy for reasons fully stated in *New Haven & Northampton Co.* v. *Hayden,* 119 Mass. 361. *Cowley* v. *Patch, ubi supra.*

This rule of procedure, however, does not affect the proceedings before judgment but goes upon the ground that a joint judgment is indivisible, and must include all the defendants. *Munroe* v. *Carlisle,* 176 Mass. 199, 201. See *Stone* v. *Dickinson,* 5 Allen, 29.

In proceedings in a court of equity, with but one trial of the merits of the case, the remedy administered can be adapted to,

and made commensurate with any relief to which, under the pleadings, the plaintiffs are equitably entitled. And this technical common law difficulty is avoided by separate decrees in which, if it becomes necessary, the liability of the testator's estate, or of the executors personally, for costs can be adjusted in the same manner as if they had been sued in a separate action. *Lenz* v. *Prescott, ubi supra. Jones* v. *Davenport,* 18 Stew. 77.

*Decree overruling demurrer affirmed.*