FRANK POLAND vs. NORA B. OTTO, executrix, & another.
SAME vs. HALBURTON FALES.

Suffolk.    November 17, 20, 1922. — January 5, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Landlord and Tenant*, Liability for personal injuries resulting from non-repair. *Negligence*, Of one controlling real estate. *Survival of Action. Partnership. Practice, Civil*, Discontinuance of action.

The owner of a building, which was let by a lease in writing containing a provision that the lessee would do all necessary repairs, would keep the premises in such repair and condition as they were in at the commencement of the term, and would indemnify the lessor against any injury, loss or damage to any person or property on the premises, cannot be found liable for personal injuries received by a traveller upon an adjoining sidewalk who, more than six years after the letting, but during its term, was struck by a brick falling from a coping of the building, where there is no evidence of a nuisance existing at the time of the letting and continuing to the time of the accident.

An action of tort for personal injuries, caused by the falling upon the plaintiff of a brick which had become dislodged from the coping at the top of a building, was brought originally against two partners who occupied the ground floor of the building. Before trial, one of the partners died, testate, and on the plaintiff's motion the executor of his will was joined as a defendant. At the trial it appeared that the entire building had been let to the partner who had died by a lease in writing which required the lessee to do all necessary repairs. It did not appear that the lease was included in the partnership assets. A verdict was ordered for the defendants, and the action was reported to this court for determination. *Held*, that

(1) The death of one partner worked a severance of any joint liability;

(2) There was no evidence upon which the surviving partner could have been found liable jointly or severally, and the verdict properly was ordered in his favor;

(3) The plaintiff should have discontinued against the deceased partner and have instituted a new suit against his executor, instead of joining the executor as a party;

(4) Presumably a verdict was ordered for the executor because he was improperly joined as a party with the surviving partner, and not on the merits;

(5) The verdict for both defendants was permitted to stand, without prejudice to the right of the plaintiff to discontinue the action as to the executor of the deceased partner.

TWO ACTIONS OF TORT for personal injuries received when the plaintiff was struck by a brick falling from the roof of a building numbered 66 Broad Street in Boston, owned by the defendant

in the second action and occupied by Edward Otto and Louis Schuhmann, copartners doing business under the name and style of Broad Street Inn, originally defendants in the first action. Writ dated January 3, 1917.

After the actions were begun and before trial in the Superior Court, Edward Otto, one of the defendants in the first action, died, testate, and the plaintiff moved that the executrix of his will, Nora B. Otto, be summoned in to defend the suit. The motion was allowed.

The actions, and a third action against one Penshorn described in the opinion, were tried together in the Superior Court before *Lummus*, J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, the defendants rested, and, at the request of the defendants Nora B. Otto, executrix, Louis Schuhmann, and Halburton Fales, verdicts were ordered in their favor and the actions were reported to this court for determination, the verdicts to stand if the judge's rulings were right; otherwise, such order to be entered as justice might require.

*C. H. Stebbins,* for the plaintiff.

*R. Gallagher,* (*J. G. Harnedy* with him,) for the defendants in the first case.

*W. D. Gray,* for the defendant Fales.

DE COURCY, J. The jury could find these facts. In the afternoon of May 8, 1916, the plaintiff came out of the store numbered 66 Broad Street in Boston; and when on the sidewalk immediately in front of the entrance he heard a noise from above, looked up and saw a shower of bricks falling toward him. He was struck by one or more bricks, and sustained the personal injury for which these actions are brought.

The premises consisted of a three and a half story building with a slate roof. The front had a coping of three or four courses of brick, projecting an inch or an inch and a half over the face of the wall. On the morning of the accident one Penshorn, a roofing contractor, had put up a box staging, extending the width of the building, and suspended about three feet below the gutter; and his employees removed the gutter, which was of metal, and rusted. At about eleven o'clock he noticed that in the top courses of the wall, over the entrance to the premises, there were loose bricks, and for some distance the mortar was "stale and lacking

life." After the accident he found on the staging twenty-eight bricks which had fallen from said top courses, and on the sidewalk half a brick which had "bounded off the stage." At the time of the accident a heavy, loaded truck passed by the premises, and the building vibrated. His men were then on the roof some ten feet up from the front.

There was introduced in evidence a lease of the land and building, from Halburton Fales to Edward Otto for the term of five years beginning January 1, 1915. It was dated December 1, 1913; and on it was an assignment of the same date to the Harvard Brewing Company. The lease contained a provision that Otto would do all necessary repairs; would keep the premises in such repair and condition as they were in at the commencement of the term; and that he would indemnify the lessor against any injury, loss or damage to any person or property on the premises. At the time of the accident Otto was carrying on business in partnership with the defendant Louis Schuhmann; but it does not appear whether all or only some portion of the building was occupied by the partners.

These two actions were brought on January 3, 1917, and were tried together. Apparently a third action was brought against Penshorn, but no question is now before us with reference to it. In both these cases the trial judge directed a verdict for the defendants, subject to the plaintiff's exceptions. So far at least as the case against the landlord, Fales, is concerned this direction plainly was right. The premises had been leased to Otto since January 1, 1910. The lessor had given up control of the property, and the obligation to make all necessary repairs was on the lessee. There was no evidence of nuisance existing at the time of the letting and continuing to the time of the accident. At the trial the current lease was admitted in evidence by agreement of counsel; and the statement made by the judge that Fales was the general owner "subject to those leases" was not questioned. *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47. *Cerchione* v. *Hunnewell,* 215 Mass. 588.

While the action against Otto and Schuhmann was pending, the defendant Edward Otto died, testate, on January 21, 1920. This worked a severance of any joint liability. By virtue of G. L. c. 228, § 7, as the cause of action was one that survived

the case could have been retained against the defendant Schuhmann. *Von Arnim* v. *American Tube Works*, 188 Mass. 515, 520. But there was no evidence to show that Schuhmann, either jointly or severally, was legally liable for the fall of the brick which injured the plaintiff. He was not a party to the lease; so far as is disclosed the lease was not included in the partnership assets; nor did the firm occupy or control the upper portions of the building. The judge properly directed a verdict in his favor.

The plaintiff should have discontinued as to Otto, and instituted a separate action against his executrix, instead of summoning her in to defend. She was not a proper party to this action, and a judgment could not be entered against her and Schuhmann, one of whom would be charged *de bonis testatoris* and the other *de bonis propriis*. *New Haven & Northampton Co.* v. *Hayden*, 119 Mass. 361. *Cowley* v. *Patch*, 120 Mass. 137. Presumably the verdict in her favor was ordered on that ground, and not on the merits. While in accordance with the terms of the report the verdict for both defendants may stand, this must be without prejudice to the right of the plaintiff to discontinue the action as to the executrix of Edward Otto, before judgment is entered. G. L. c. 231, § 124.

*So ordered.*