ARMSTRONG KNITTING MILLS *vs.* OWEN F. OAKES & another.

Essex.   January 17, 1924. — June 3, 1924.

Present: RUGG, C.J., DECOURCY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Joint: severance of joint liability upon death of one obligor.
   *Executor and Administrator.   Practice, Civil,* Parties, Amendment.

In the declaration in an action of contract by a corporation against two
   persons, the plaintiff alleged that the defendants by an instrument in
   writing and under seal had sold to it certain personal property and the
   good will of a business, and impliedly had covenanted not to interfere
   with the enjoyment by the plaintiff of what thus had been sold, and that
   the defendants had broken the agreement.   After a hearing by an
   auditor and the filing of his report, one of the defendants died and
   process was issued summoning the executor of that defendant's will to
   defend.   The auditor had found that the defendant who had died had

violated the agreement and that the other defendant had not. The executor appeared specially and moved that the action be dismissed as to him. The motion was allowed. Upon a report by the judge of the Superior Court of his action in allowing the motion, it was *held*, that

(1) The contract relied on in the declaration was joint and not several;

(2) The action could not proceed against the executor as well as against the surviving defendant;

(3) In the circumstances, a rescript should issue that the motion to dismiss should be allowed unless the plaintiff in sixty days amended its pleadings so as to discontinue against the surviving defendant and proceed only against the executor.

CONTRACT against Owen F. Oakes and Margaret L. Oakes, the plaintiff alleging that by an instrument in writing and under seal the defendants had sold to the plaintiff " all the machinery, fixtures, tools, implements, supplies, stock and merchandise connected with or belonging to the business carried on by us under the name of Oakes Knitting Mills; also the good will of said business and the right to use the name, Oakes Knitting Mills Company," that the defendants thereby impliedly had covenanted with the plaintiff that they would not interfere with the enjoyment of what they thus had sold to the plaintiff " under said written instrument "; and that the defendants had " ignored their obligations under said written instrument, have interfered with the good will of the business purchased by the plaintiff of the defendants and conducted by the plaintiff, and have sought directly and indirectly to injure the business of the plaintiff, which is the business of manufacturing and selling sweaters and some other knitted goods; and have directly and indirectly entered the business of manufacturing and selling sweaters and other woollen goods in competition with the plaintiff, and have aided directly and indirectly the business of manufacturing and selling sweaters and other woollen goods conducted by Oakes Bros., so called, and have by their interference . . . and unnecessary, improper and illegal methods of conducting and aiding and advising in the conduct of business in competition with the plaintiff, caused serious and great damage to the plaintiff . . . ." Writ dated April 24, 1917.

In the Superior Court, the action was referred to an auditor, who filed a report. Proceedings in the Superior Court, upon the death of the defendant Margaret L. Oakes after the report of the auditor and the summoning of the executor of her will to defend the action, are described in the opinion. A motion by the executor that the action be dismissed as to him was heard by *McLaughlin,* J., and was allowed. The judge, being of opinion that the correctness of such order ought to be determined by this court before any further proceedings in the trial court, reported such action to this court for determination. In the report he stated: " Previous to the hearing before me on the motion to dismiss, the case at bar had been tried before an auditor, under the usual reference, who had filed a report. In the preparation of the report to the full court counsel for the plaintiff requested me to insert a statement of certain facts found by the auditor. I include no reference to the same other than this explanatory paragraph inserted at the request of counsel for the plaintiff as I did not consider the auditor's report in deciding the question before me and regard it as immaterial."

*H. D. Linscott, (H. R. Mayo* with him,) for the plaintiff.

*S. C. Rand, (S. B. Ecker* with him,) for the defendant.

CARROLL, J.   By an instrument under seal, dated January 2, 1912, Owen F. Oakes and Margaret L. Oakes sold to the plaintiff certain machinery and personal property connected with the business carried on by the sellers under the name of Oakes Knitting Mills Company. This action is in contract against Owen F. and Margaret L. Oakes, the declaration alleging that the defendants have interfered with the good will of the business sold the plaintiff; that they have sought directly and indirectly to injure the business of the plaintiff, and have directly and indirectly entered the business of manufacturing and selling sweaters and other woolen goods, in competition with the plaintiff, to its damage. The case was tried before an auditor, who filed a report.

While the action was pending, Margaret L. Oakes died on December 12, 1921. Owen F. Oakes was appointed her executor. Thereafter the plaintiff filed a motion suggesting

the death of Margaret L. Oakes and the appointment of her executor, and asking that a citation issue to the executor to appear and take upon himself the defence of the action. The executor appeared specially and moved that the process be dismissed, that he be excused from further answering, and that the action be dismissed as to Margaret L. Oakes or her estate. In the Superior Court this motion of the executor was allowed and the case reported to this court.

The contract of Owen F. Oakes and Margaret L. Oakes was a joint contract. *Bartlett* v. *Robbins,* 5 Met. 184. *New Haven & Northampton Co.* v. *Hayden,* 119 Mass. 361. *Meyer* v. *Estes,* 164 Mass. 457. *Wood* v. *Farmer,* 200 Mass. 209, 213. It contains no language indicating the severance of the parties' liability. The declaration is based on the written contract alleging that certain property and the good will of the business carried on by the defendants were sold to the plaintiff by a written agreement; and that the defendants thereby impliedly covenanted with the plaintiff that they would not interfere with the enjoyment of what they sold to the plaintiff under said written instrument. There is nothing in *Old Corner Book Store* v. *Upham,* 194 Mass. 101, and the other cases cited by the plaintiff, showing that the contract in question was several, or joint and several. In the case at bar the contract was joint: the action could not proceed against the executor as well as against the surviving defendant. *New Haven & Northampton Co.* v. *Hayden, supra. Lee* v. *Blodget,* 214 Mass. 374. See *Poland* v. *Otto,* 243 Mass. 405, 408.

By G. L. c. 228, § 7, it is expressly provided if any of the several plaintiffs or defendants in a personal action, the cause of which survives, dies before final judgment, the action may be prosecuted by the surviving plaintiff or against the surviving defendant, as the case may be. But the survivor and the executor of the deceased contractor could not be held in a joint action. The ruling of the trial judge was right.

It appears from the report that the case was heard before an auditor. It is stated in the plaintiff's brief that the auditor found that Margaret L. Oakes violated her im-

plied covenant of good will and that Owen F. Oakes did not, and assessed damages against her. If the plaintiff is allowed in the Superior Court within sixty days of the date of the rescript to amend its pleadings so as to proceed against the executor of Margaret L. Oakes, and the action is discontinued against Owen L. Oakes, the motion to dismiss the action against her estate is to be denied; *Lee* v. *Blodget*, 214 Mass. 374, *American Surety Co. of New York* v. *Vinton*, 224 Mass. 337, *Poland* v. *Otto, supra,* G. L. c. 197, § 8; otherwise, the motion to dismiss the action against her estate is allowed.

*So ordered.*