FREDERICK D. BONNER *vs.* CHAPIN NATIONAL BANK OF SPRINGFIELD & others.

Suffolk.    January 12, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, & PIERCE, JJ.

*Equity Pleading and Practice,* Parties, Bill, Demurrer. *Equity Jurisdiction,* Adequate remedy at law, To relieve from fraud, Suit by minority stockholder in a corporation. *Fraud. Corporation,* Officers and agents. *National Bank. Trust Company,* Officers and agents, Merger with national bank.

A suit in equity by stockholders against the officers of a corporation for wrongs committed by them against the corporation may be maintained only for the enforcement of the rights, and for the benefit, of the corporation and cannot be maintained to enforce personal rights of the plaintiff.

The bill in a suit of the character above described must allege specifically that the suit is brought for the benefit of the corporation.

A bill in equity by a stockholder in a trust company, alleged to be brought on his own behalf and on behalf of such other stockholders as had similar rights, against the trust company, a national bank to which it was proposed to transfer its assets in the process of merger of that bank with another national bank, also a defendant, and certain directors of the trust company, contained allegations in substance that certain stockholders and directors of the trust company and the second national

bank collusively obtained the consent of two thirds of the stockholders of the trust company so that at a special meeting of stockholders there were passed the necessary votes for the consolidation and merger, to which the plaintiff objected and by which stockholders of the trust company were given a right to sell their stock to the corporation at a price far below its value or to take stock in the second national bank, one share for each two shares of stock in the trust company; that by reason of concerted action of the directors of the two institutions, there resulted, besides the turning over of alleged net assets of the trust company to the national bank, an agreement between the persons connected with the directors of the bank and of the trust company by which over $60,000 of the assets of the trust company were segregated, to be paid over upon certain shares and divided between the bank and certain assenting stockholders of the trust company who appeared at the time to have been connected with the merger plan, and that this agreement was for the purpose of bringing about a personal profit to the assenting stockholders and directors of the trust company in excess of that to be received by other stockholders. The defendants demurred to the bill. *Held,* that

(1) The directors of the trust company occupied a position of trust toward its stockholders and could not lawfully obtain an undue advantage, or enrich themselves at the expense of the corporation or its stockholders who did not assent to the merger;

(2) The segregation and setting apart of more than $60,000 of the assets of the trust company to be divided among stockholders assenting to the merger plan was fraudulent and illegal and a breach of trust on the part of the directors, and the corporation was entitled to equitable relief from them;

(3) In the setting forth of a series of material acts participated in by the defendants acting together for a common purpose to defraud the plaintiff and others similarly situated, the bill was not multifarious;

(4) Allegations, that the defendant directors and the defendant banking institutions acted severally and in collusion with others for the purpose of diverting the funds and property of the trust company, were sufficiently certain and definite, and the bill was not demurrable on the ground of indefiniteness;

(5) It did not appear that the plaintiff had a complete and adequate remedy at law;

(6) Allegations of the bill, showing that the meetings of the stockholders and directors of the trust company were held in December and February; that shortly thereafter the plaintiff instructed his counsel to institute this suit; that about four days later, at the request of counsel for the defendants, the plaintiff deferred filing the bill pending a conference between counsel which was held in March, and that two days after that conference the bill was filed, did not show laches as matter of law;

(7) Allegations in the bill relative to "certain interests" and "certain parties," the comptroller of the national treasury and a certain realty company, as to none of whom relief was sought, did not render the bill demurrable for want of parties;

(8) The fact that certain averments in the bill were made without any averment as to the plaintiff's knowledge of the facts stated, or that he was informed of the facts and believed them to be true, when it also appeared that the plaintiff made oath that the statements in the bill were true, except those made on information and belief, and that he believed those to be true, did not make the bill demurrable;

(9) It appearing from the allegations of the bill that application to the directors of the corporation to take action to protect the corporate rights would have been useless because of their attitude in the matter, an allegation that upon notice and request of the plaintiff the directors had refused so to act was not necessary and its absence did not make the bill demurrable.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on March 29, 1924, and afterwards amended, described in the opinion.

The defendants demurred to the bill as amended upon the following grounds:

"1. That the plaintiff has not stated in his bill as amended such a cause as entitles him to any relief in equity against these defendants.

"2. That it does not appear from the allegations of the bill as amended that upon notice and reasonable request of the plaintiff the directors of the Atlas Trust Company have refused to take action with reference to the matters and things complained of in the bill; nor does it sufficiently appear from the allegations of the bill that the corporation is so far under the dominion and control of the alleged wrongdoers that any application for relief would be idle ceremony.

"3. That the plaintiff in his bill as amended has a full, complete and adequate remedy at law.

"4. That the plaintiff's bill as amended is multifarious in that it appears therein that the same is brought against these defendants and several other persons not named therein for distinct matters in several whereof this defendant is not in any manner interested or concerned.

"5. That the plaintiff's claim as alleged in said bill as amended has been barred by the laches of the said plaintiff and his long delay in the premises.

"6. That the plaintiff in said bill as amended is collaterally attacking the validity of the conversion of the said de-

fendant Atlas Trust Company into a national banking association known as defendant Atlas National Bank of Springfield, and the consolidation of the last named institution with the defendant Chapin National Bank under the name of Chapin National Bank, all of which has been officially approved by the Comptroller of the Currency under federal law, Rev. Sts. § 5168.

"7. That it appears by this bill as amended, paragraphs 2, 3, 6, 8 and 9, that certain other persons are necessary parties to said bill.

"8. That the plaintiff in his said bill as amended prays for a remedy not known to a court in equity.

"9. That it appears by this bill as amended that the Atlas Realty Corporation referred to in prayer number 8 is a necessary party to said bill.

"10. That the court has no jurisdiction in the premises to issue the injunctions as prayed for in prayers 5 and 6.

"11. That the plaintiff makes a general charge of conspiracy against the defendants Atlas Trust Company, Atlas National Bank and Chapin National Bank without any averments of knowledge and belief respecting a conspiracy.

"12. That the plaintiff makes a general charge of fraud without any averments of knowledge of certain misrepresentations alleged in said bill in paragraph 14 (a) or that they were made to him, that he relied upon them and believed them to be true, and that they proved to be false.

"13. That the plaintiff makes a general charge of fraud in paragraph 14 (c) of said bill as amended with reference to an alleged segregation of an equity in real estate without any averment of knowledge as to the same or averment of that he is informed and believes and therefore avers the truth of his information on this essential fact.

"14. That the plaintiff makes a general charge of fraud in paragraph 14 (d) of said bill as amended relative to the value of the shares without any averments as to his knowledge respecting the same or that he is informed and believes and therefore avers to the truth of his information and belief regarding the value of the same.

"15. That the plaintiff makes an indefinite allegation of

the book value of the assets of the defendant Atlas Trust Company in paragraph 11 of said bill as amended without any averment of his knowledge regarding the same or that he is informed and believes and therefore avers to the truth of his information and belief regarding said book values.

"16. That the plaintiff in said bill as amended makes no allegation of knowledge of the actual value of the assets of said defendant Atlas Trust Company or his information regarding the same or that he believes said information and therefore avers as to its truth.

"17. That the allegations of said bill as amended are loose, vague, indefinite and uncertain."

The demurrer was heard by *Carroll,* J., who ordered the entry of a decree overruling it, and, at the request of the defendants, and being of opinion that the questions of law involved so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, reported the questions raised by the demurrer for that purpose.

*J. H. Mulcare,* for the defendants.

*C. S. Hill,* (*F. D. Bonner* with him,) for the plaintiff.

CROSBY, J.  The bill recites that the plaintiff is a stockholder in the Atlas Trust Company, and brings this bill on his own behalf and in behalf of such other stockholders as may prove to have similar rights against the Chapin National Bank, the Atlas National Bank, the Atlas Trust Company, all of Springfield in the county of Hampden, and against certain directors of the last named company.

It is well settled that the jurisdiction of a court of equity over suits brought by stockholders against the officers of a corporation, for wrongs committed by them against the corporation, cannot be maintained to enforce personal rights, as it is the interests of the corporation alone which are to be enforced and for whose exclusive benefit damages if recovered must be paid.  The bill must allege specifically that suit is brought for the benefit of the corporation.  *Hayden* v. *Perfection Cooler Co.* 227 Mass. 589, and cases cited.  As there is no such allegation in this bill, and there are no prayers based upon the bill so framed, it is defective.  Leave

is granted to make an amendment to perfect the bill in this respect, St. 1913, c. 716, § 3, and the case is considered on the assumption that such amendment will be made.

A demurrer to the original bill was sustained; after the allowance of an amendment, a demurrer to the amended bill was filed and a decree entered overruling the demurrer. The case has been reported to this court.

The allegations of the amended bill well pleaded are to be taken as admitted by the demurrer. It is alleged that at some time before December 1, 1923, certain interests connected with the board of directors of the Chapin National Bank acquired a control of the capital stock of the Atlas Trust Company for the purpose of an ultimate consolidation of that bank with the trust company; that certain persons at the suggestion of said interests caused a stockholders' meeting of the trust company to be held on or about December 2, 1923, at which meeting steps were proposed to convert the trust company into a national bank, to be known as the Atlas National Bank of Springfield, preliminary to the consolidation of the trust company with the Chapin National Bank, that thereafter a call for a stockholders' meeting of the trust company was purported to be sent out designating as the place of meeting the banking rooms of the trust company on December 22, 1923, at three o'clock in the afternoon; that it was then and there voted to authorize the directors to convert the company into a national bank to be known as the Atlas National Bank of Springfield for the purpose of carrying out the plan of ultimate merger with the Chapin National Bank.

It is further alleged that some time before December 18, 1923, certain persons connected with the Chapin National Bank applied to the comptroller of the currency for permission to organize a national bank under the name of the Atlas National Bank of Springfield to be located at Springfield; that on that date the permission of the comptroller was obtained; that for the purpose of ratifying such merger, a meeting of the stockholders of the trust company was called to be held on February 1, 1924, that at this meeting the plaintiff was represented by an agent who then learned that, by reason of the

concerted action of certain persons connected with the board of directors of the banks named as defendants, each stockholder in the trust company was required to accept either $75 per share for his stock in cash, or one share of common stock of the Chapin National Bank for two shares of stock held by him in the trust company; that it was agreed between the directors of the bank and the trust company that the latter should pledge to deliver to the bank $300,000 in assets over all liabilities; that there were issued and outstanding three thousand shares of the capital stock of the trust company, making the actual value of each share $100 as against $75 per share which was offered to the holders in cash.

It is also alleged, in substance, that at the meeting last above referred to, an agreement was entered into between persons connected with the directors of the bank and of the trust company by which $63,670.10 of the assets of the trust company (apart from the $300,000 which had been turned over to the bank) were segregated, to be paid over upon certain shares and divided between the bank and certain assenting stockholders of the trust company who appeared at the time to have been connected with the merger plan; that at that time the value of the common stock of the trust company agreed to be turned over to the Chapin National Bank, plus the amount so segregated, showed a book value of each share to be at least $120 as against the sum of $75 per share which the defendants proposed to pay the plaintiff and other stockholders not assenting to the merger.

There are allegations that the plaintiff and other stockholders at the meeting held on February 1, 1924, objected to the plan and voted against it, but that the merger was authorized  by a vote of more than two thirds of the outstanding stock; that on February 5, 1924, the comptroller of the currency was notified of the action taken and authorized the merger; that the agreement above recited was for the purpose of bringing about a personal profit to the assenting stockholders and directors of the trust company in excess of that to be received by other stockholders; that before December 1, 1923, certain persons connected either as stockholders or directors of the bank and the trust company,

collusively agreed to obtain control of a majority of the stock of the trust company to carry out the merger, and to accomplish that result offered larger amounts per share for the holdings of some stockholders than were offered to the stockholders in general. The bill contains other allegations which it is unnecessary to consider in detail.

The directors of the Atlas Trust Company occupied a position of trust toward its stockholders and could not lawfully obtain an undue advantage, or enrich themselves at the expense of the corporation or its stockholders who did not assent to the merger; nor could they legally segregate or set apart any portion of the assets of the company to be turned over to them or to others for their personal benefit at the expense of the corporation or any of its stockholders. The segregation and setting apart of more than $60,000 of the assets of the trust company to be divided among stockholders assenting to the merger plan was fraudulent and illegal and a breach of trust on the part of the directors for which the corporation is entitled to equitable relief.

The bill sets forth a series of material acts participated in by the defendants acting together for a common purpose to defraud the plaintiff and others similarly situated, and is not multifarious. Accordingly the fourth ground of the demurrer cannot be sustained. *Ginn* v. *Almy*, 212 Mass. 486. *Raynes* v. *Sharp*, 238 Mass. 20.

The allegations, that the defendant directors and the defendant banking institutions acted severally and in collusion with others for the purpose of diverting the funds and property of the trust company in the manner described, are certain and definite, and being admitted by the demurrer, constitute a fraud upon the corporation and its stockholders, relief for which exists in equity. It follows that the first and the seventeenth grounds of the demurrer must be overruled. *Von Arnim* v. *American Tube Works*, 188 Mass. 515. *United Zinc Co.* v. *Harwood*, 216 Mass. 474, 476. *Raynes* v. *Sharp, supra.* *Hayden* v. *Perfection Cooler Co., supra.* *Guay* v. *Holland System Hull Co.* 244 Mass. 240, 247. *Clair* v. *Colmes*, 245 Mass. 281.

The third ground of demurrer is without merit, and is

overruled, as it does not appear from the face of the bill that the plaintiff has a complete and adequate remedy at law. . The averments made and the relief sought plainly show that an action at law will not afford the Atlas Trust Company and its stockholders that relief to which they are entitled, but that the matter of complaint is a more fit subject for a bill in equity.

It is alleged that soon after the acts of the defendants described in the bill were committed, namely, on February 7, 1924, the plaintiff instructed his counsel to institute this suit; that about four days later, at the request of counsel for the defendants, the plaintiff deferred filing the bill pending a conference between counsel which was held on or about March 27, 1924, at which no adjustment was made. It appears that the bill was filed on March 29, 1924. This recital makes it obvious that the plaintiff acted with reasonable diligence. *Almy* v. *Almy, Bigelow & Washburn, Inc.* 235 Mass. 227. *Monahan* v. *Harvard Brewing Co.* 241 Mass. 286, 291.

The demurrer cannot be sustained for want of necessary parties. Although "certain interests" and "certain persons" are referred to in the bill, no relief is sought against them; they are described merely as participants in the alleged scheme entered into by the defendants to defraud the trust company. Nor does it appear that the comptroller of the currency or the Atlas Realty Company should have been joined: no relief is sought against them. *Bay State Gas Co.* v. *Lawson*, 188 Mass. 502. *Von Arnim* v. *American Tube Works, supra.*

The objections that certain allegations are made without any averment as to the plaintiff's knowledge of the facts stated, or that he is informed of the facts and believes them to be true, cannot be sustained. The plaintiff made oath that the statements in the bill were true, except those made on information and belief and those he believes to be true.

The defendants further contend that it does not appear from the allegations of the bill as amended that upon notice and request of the plaintiff the directors of the Atlas Trust Company have refused to take action with reference to the

matters referred to in the bill.   It is well settled that where it is plain that such an application to a corporation for relief would be useless and ineffectual the law does not require it to be made.   The allegations of fraud, collusion and conspiracy entered into by the directors, by which it is charged that a wrong has been committed, show that they are, in the nature of the case, incapable of representing the corporation in any action or proceeding growing out of their wrongful and fraudulent conduct for which relief is sought.   To require application to be made to them to act as a condition precedent to maintaining a bill would be futile.   This ground of demurrer for the reasons stated is overruled.   *Brewer* v. *Boston Theatre,* 104 Mass. 378.   *Blair* v. *Telegram Newspaper Co.* 172 Mass. 201.   *Almy* v. *Almy, Bigelow & Washburn, Inc., supra.*

The demurrer must be sustained unless the amendment hereinbefore referred to is made; if so made, the demurrer is overruled.

*Ordered accordingly.*